**Nabigh A. RIZKALLAH, Individually and d/b/a A & D Auto Service Center, Appellant,**

v.

**Lydia CONNER, Appellee.**

No. 01–96–00690–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 1997.

John F. Hinrichs, Daniel Prescott McManus, Sugar Land, for Appellant.

Mack J. Travers, Katy, for Appellee.

Before O'CONNOR, COHEN and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

This is a summary judgment case about a car repair. Nabigh A. Rizkallah, individually and d/b/a A & D Auto Service Center (defendant), appeals from a summary judgment granted in favor of Lydia Conner (plaintiff), the owner of a Lincoln Continental. We reverse and remand for trial.

### Standard of Review

When a plaintiff moves for summary judgment, she must prove she is entitled to summary judgment as a matter of law on each element of her cause of action. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Dossman v. National Loan Investors, L.P.,* 845 S.W.2d 384, 385 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The burden is on the plaintiff as movant to show there are no genuine issues of material fact and she is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60; *Dossman,* 845 S.W.2d at 385. In reviewing a summary judgment, we indulge every reasonable inference in favor of the nonmovant and resolve all doubts in his favor. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex. 1997); *Harris County v. Walsweer,* 930 S.W.2d 659, 663 (Tex.App.—Houston [1st Dist.] 1996, no writ).

When a nonmovant does not file a response, the lack of a response does not

supply by default the summary judgment proof necessary to establish the movant's right to summary judgment. *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1995, writ denied). A nonmovant who does not file a response to the motion for summary judgment is limited on appeal to arguing the legal sufficiency of the grounds presented by movant. *McConnell*, 858 S.W.2d at 343; *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

## Summary of Facts & Procedural History

In 1995, plaintiff took her 1990 Lincoln Continental car to defendant's garage for repairs. A dispute arose between them regarding (1) whether certain repairs were authorized; (2) whether certain repairs were properly done; and (3) whether the amount billed for the repairs was correct. As a result, plaintiff's attorney sent defendant written notice of plaintiff's claims for damages pursuant to section 17.505 of the Deceptive Trade Practices–Consumer Protection Act ("DTPA"). TEX. BUS. & COM.CODE § 17.505 (1997). Plaintiff then sued alleging defendant (1) was negligent in performing the repairs to plaintiff's vehicle, (2) engaged in intentional acts of deception; (3) breached the implied warranty of "workmanlike performance;" (4) wrongfully repossessed her vehicle; and (5) violated the Deceptive Trade Practices–Consumer Protection Act, TEX. BUS. & COM.CODE §§ 17.41–17.854 (1997).

Defendant answered in a *pro se* letter to the trial court. According to defendant, plaintiff said she was having trouble with the "air ride." Defendant told plaintiff the engine mounts were faulty and were causing the air hoses for the air struts to be faulty; and as a result, they all needed to be replaced. The vehicle needed a major tune-up

for which plaintiff gave oral authorization. Plaintiff asked defendant to recharge the air-conditioning, and defendant complied. Defendant allowed plaintiff to use his personal car for four days free of charge because plaintiff said she could no longer afford a rental car. Defendant's letter explained some of the charges he assessed against plaintiff. Defendant pointed out that the work orders which plaintiff signed plainly notified her of defendant's right to repossess her car in the event that she did not pay. Finally, defendant's letter stated the repairs which were performed at Southwest Lincoln Mercury after defendant's repairs were unrelated to defendant's repairs.

Plaintiff moved for summary judgment asserting defendant (1) knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service in violation of section 17.46(b)(13) of the DTPA and (2) fraudulently negotiated a check in order to repossess plaintiff's car in violation of section 17.46(b)(23) of the DTPA.[1]

Attached to plaintiff's motion for summary judgment was plaintiff's four-page affidavit. In that affidavit, plaintiff stated that she was competent to testify to the matters stated in the affidavit and had personal knowledge of those matters. She related the facts of her dealings with defendant which are set forth below.

Plaintiff delivered her car to defendant's garage on April 14, 1995. Before she left, defendant asked her to sign a blank ticket, which defendant later filled out. Plaintiff asked defendant to install some used front air struts which she had found at a price of $125 per strut. Plaintiff had replaced the rear air struts six months earlier. A Lincoln dealer had performed a major tune-up on the car before plaintiff brought it in to defendant's garage. Defendant told her the motor mounts were causing the "ride to go down" and were the source of her problem, not the

---

1. Section 17.46(b) provides in relevant part:

   [T]he term "false, misleading, or deceptive acts or practices:" includes, but is not limited to, the following acts:
   (13) knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service;

   (23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed

   TEX. BUS. & COM.CODE ANN. § 17.46(b) (1997)

air struts. Defendant installed new motor mounts at a cost of $233.93 plus $175 for labor. Defendant told plaintiff she nevertheless needed a new air strut assembly for which he charged her $640 plus $175 for labor. Defendant steam cleaned the motor at a cost of $35 because he said battery acid was on the hoses. Defendant also serviced the air-conditioner, but the freon leaked out within a week.

Defendant retained plaintiff's car for 10 days, part of which time plaintiff had to rent a car. Defendant offered plaintiff the use of his personal car on April 21, 1995. When plaintiff returned to defendant's garage on April 24, 1995, she was required to pay $1,330.93. This amount was detailed in work order number 1122. Defendant demanded that plaintiff sign work order number 1127 in the amount of $514.92 before he would release her car to her. Plaintiff did not authorize any of the repairs in work order number 1127.[2] Plaintiff paid $257.46, or one-half of work order number 1127, and defendant agreed to hold her check for the balance for two months.

Because her car was "idling rough" when she picked up her car on April 24, 1995, defendant told plaintiff she needed a new throttle position sensor for which defendant charged her an additional $630.16. In addition, shortly after plaintiff picked up her car from defendant's garage, the power steering hoses blew off, so she took her car to Southwest Lincoln Mercury for further repairs at a cost of $498.16. She also had Western Auto install new tie-rods for $96.

Somebody at Southwest Lincoln Mercury told plaintiff the labor time for installing front air struts is one day, not ten days. A service advisor also told plaintiff that the installation of motor mounts would not correct the "air ride" problem.

After plaintiff complained to the Better Business Bureau regarding her dealings with defendant, defendant deposited plaintiff's check early on June 13, 1995. The check was returned for insufficient funds. Defendant repossessed plaintiff's car and prepared work order number 1340, which included the $650 cost of repossessing plaintiff's car and the amount of the returned check. Plaintiff was forced to take out a loan to pay for work order number 1340 and to obtain insurance on the loan.

Defendant did not respond to plaintiff's motion for summary judgment. The trial court granted plaintiff's motion for summary judgment and awarded her $8,636.16 in damages, $3,450 in attorney's fees, court costs, and prejudgment and postjudgment interest.

### Sufficiency of Plaintiff's Affidavit

In his sole point of error, defendant complains plaintiff's testimony in her affidavit is not sufficient as summary judgment proof. Defendant complains plaintiff's affidavit is insufficient because (1) it was not based on her personal knowledge; (2) plaintiff was not competent to testify to matters concerning her car; (3) it contained conclusory statements; and (4) it did not establish causation. In response, plaintiff argues (1) she did have personal knowledge, and even if she did not, defendant did not object to this defect in form; (2) the conclusions of which defendant complains are not conclusions, and if they are, they are supported by factual statements; (3) she directly testified regarding causation of her damages; and (4) because defendant's complaint is that plaintiff's affidavit was not sufficiently specific regarding causation, he should have objected to the form of her affidavit on this ground.

### A. Lack of Personal Knowledge

■ Defendant argues plaintiff made several statements in her affidavit that were not based on her personal knowledge. In response, plaintiff argues defendant waived his objection to plaintiff's lack of personal knowledge because he did not raise that objection at the trial level.

Defendant argues that the lack of plaintiff's personal knowledge in her affidavit is a defect of substance, not a defect of form; thus, no objection was necessary. If defendant is correct that lack of personal knowledge is a defect in the substance, we will review the plaintiff's affidavit to determine if

---

2. Among other things, work order number 1127      listed the air-conditioning service.

it showed she had personal knowledge of the matters about which she swore. If he is wrong that lack of personal knowledge is a defect of form, we will overrule the point of error because defendant did not file a response and object.

Rule 166a(f) provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... *Defects in the form* of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

TEX.R.CIV.P. 166a(f) (emphasis added).

The issue of whether lack of personal knowledge is a defect in form or substance is confused by two opinions from the Texas Supreme Court. In *Vaughn v. Grand Prairie ISD*, 784 S.W.2d 474 (Tex.App.—Dallas 1989), *rev'd*, 792 S.W.2d 944 (Tex.1990), the court of appeals reversed a summary judgment because the affidavit on which the summary judgment was based did not affirmatively show the affiant had personal knowledge and was competent to testify. The supreme court reversed the Dallas court and affirmed the summary judgment, finding that,

It is clear from reading the entire affidavit that Pennock was testifying from personal knowledge and was competent to testify regarding the matters stated. Even if these elements were not shown on the face of the affidavit, Vaughan's failure to object to *these defects in form* resulted in waiver.

*Grand Prairie ISD v. Vaughan*, 792 S.W.2d at 945 (emphasis added). *Accord Giao v.*

*Smith & Lamm, P.C.*, 714 S.W.2d 144, 148 (Tex.App.—Houston [1st Dist.] 1986, no writ) (holding that lack of personal knowledge is a defect in the form of the affidavit).[3]

Later, without overruling or citing *Vaughan*, the Supreme Court appeared to take the opposite approach when it affirmed the Dallas Court of Appeals' decision in *City of Wilmer v. Laidlaw Waste Systems, Inc.*, 890 S.W.2d 459 (Tex.App.—Dallas 1994), *aff'd*, 904 S.W.2d 656 (Tex.1995). In *Laidlaw*, the Dallas Court of Appeals said that lack of personal knowledge was a defect in substance, not form, and no objection at trial was necessary to preserve it. *Laidlaw*, 890 S.W.2d at 467. A closer examination of the supreme court's opinion affirming *Laidlaw*, reveals the supreme court was upholding the long-standing rule that pleadings, even if sworn, do not constitute proper summary judgment evidence. *Laidlaw*, 904 S.W.2d at 661; *Bauer v. Jasso*, 946 S.W.2d 552, 557 (Tex.App.—Corpus Christi 1997, n.w.h.) (not yet reported). Even so, it stated, contrary to *Vaughan*, that the information from one witness (Conwell) would have been insufficient without objection "even if set out in a separate affidavit" and that the affidavit of another witness (Stall) was defective without objection because it did not show she was "competent." *Laidlaw*, 904 S.W.2d at 661.

Faced with apparently conflicting authority, we conclude that the better rule is the one stated in *Vaughan* and defendant's failure to object that plaintiff's affidavit was based on personal knowledge is a defect in form and not in substance.[4] *See Bauer*, 946 S.W.2d at 557. We hold defendant waived his objection by not objecting to plaintiff's affidavit.

We overrule point of error one as it relates to lack of personal knowledge.

---

**3.** *Accord Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 761 (Tex.1988) (defendant objected to affidavits before the trial court); *Woods Expl. & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570–71 (Tex.1975) (defendant did not object before the trial court); *Direct Communications, Inc. v. Lunsford*, 906 S.W.2d 537, 540 (Tex. App.—Dallas 1995, no writ) (failure to show affiant had personal knowledge was defect of form); *McBride v. New Braunfels Herald–Zeitung*, 894 S.W.2d 6, 8 (Tex.App.—Austin 1994, writ denied) (plaintiff's failure to object to form of affidavit on

ground that it was does not show personal knowledge waived his complaint on appeal).

**4.** We recognize that we have issued opinions following *Laidlaw* rather than *Vaughan* and holding it is not necessary to object to an affidavit's lack of personal knowledge at the trial court. *See, e.g., Morin v. Helfrick*, 930 S.W.2d 733, 738 (Tex.App.—Houston [1st Dist.] 1996, no writ). We disavow the holding in that opinion.

## B. Lack of Competence

■ Defendant argues that plaintiff should have included in her affidavit her qualifications to testify about the propriety of defendant's repairs. In response, plaintiff argues defendant waived his objection to plaintiff's lack of qualifications because he did not raise any objection at the trial level.

Rule 166a(f) requires an affidavit to show it is made by a person who is competent to testify on the matter. *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 761–62 (Tex. 1988); *Box v. Bates,* 162 Tex. 184, 346 S.W.2d 317, 319 (1961). If no objection to the competence of the witness is made, the defect is waived. *Woods Exploration & Producing Co. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570–71 (Tex.1975). Because defendant did not object to the plaintiff's competence, he waived this defect.

## C. Plaintiff's Subjective Beliefs

■ Defendant argues that plaintiff's affidavit contains statements of plaintiff's subjective belief which are not competent summary judgment proof.

Defendant challenges the following statements made by plaintiff:

* "I do not think the motor mounts had any bearing on my air ride going down."
* "I do not think I should have to pay for air-conditioning service done incorrectly."
* "I believe the installation of the motor mounts and the charges for defendant's mistakes constitute deceptive trade practices."

The supreme court has held that a statement of subjective belief, which is not supported by other summary judgment proof, is not sufficient to support a summary judgment. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996) ("It is my understanding" did not raise a fact issue in response to a motion for summary judgment); *Texas Div.-Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994) ("I believe I was terminated because" did not raise a fact issue in response to a motion for summary judgment).

All three statements to which defendant objects include opinions of the plaintiff. The issue is whether plaintiff's opinion has any support in other factual statements in the affidavit. In the first statement above, plaintiff states her subjective opinion about the motor mounts and the air ride; however, this opinion is based on information she obtained in a discussion with an auto mechanic, which is set out in the affidavit. Therefore, the first statement has factual support in the affidavit.

The second statement above is plaintiff's subjective statement that she should not be liable for the air-conditioning service which was done improperly. This statement is not supported by any other factual assertions in the affidavit. Plaintiff's opinion that the work was done improperly is based on the fact that the freon leaked the next day, and this is not evidence the work was done improperly. Thus, we should not consider this statement when we evaluate the sufficiency of the summary judgment proof.

The third statement above is also challenged as a legal conclusion, which we will deal with under heading D(1) below. *Id.* at 558.

## D. Conclusory Statements

Defendant argues that plaintiff's affidavit includes conclusory statements which are not competent summary judgment proof.

In his brief, defendant lists 16 statements from plaintiff's affidavit which he contends are conclusory statements. We have reviewed those excerpts, and most are not statements of conclusions. Some of the statements are statements of fact clearly within plaintiff's knowledge.[5] Some of the statements are hearsay.[6]

---

5. For example, defendant included plaintiff's statement that she was required to rent a car for the entire time her car was in his repair shop and plaintiff's statement that defendant required her to sign a blank ticket.

6. For example, defendant included plaintiff's statement that she found out that the installation of motor mounts should only have taken one day.

We will review the conclusory statements under the headings (1) legal conclusions and (2) factual conclusions.

### 1. Legal Conclusions

■ The objection that a statement is "conclusory" is an objection that is frequently made to challenge affidavits in summary judgment cases. *Johnson v. Bethesda Lutheran Homes & Servs.,* 935 S.W.2d 235, 239 (Tex.App.—Houston [1st Dist.] 1996, no writ.) (Hedges, J., concurring). There is much confusion about what this objection means. *Id.* It does not mean that logical conclusions based on stated underlying facts are improper. That type of conclusion is proper in both lay and expert testimony. What is objectionable is testimony that is nothing more than a legal conclusion. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex. 1991); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). To allow such testimony is to reduce to a legal issue a matter that should be resolved by relying on facts. Statements of legal conclusions amount to little more than the witness choosing sides on the outcome of the case. *Mowbray v. State,* 788 S.W.2d 658, 668 (Tex.App.—Corpus Christi 1990, pet. ref'd).

For example, in *Anderson,* a lawyer, who was sued for malpractice, filed a motion for summary judgment and a short affidavit in which he gave his expert opinion that he acted properly in his representation of his client, he did not violate the DTPA, he did not breach his contract, he was not negligent, he did not commit malpractice, and his client did not suffer any injury as a result of his representation. The supreme court said that "testimony comprised only of legal conclusions is insufficient to support summary judgment as a matter of law." *Anderson,* 808 S.W.2d at 55. The Supreme Court concluded the affidavit was merely a sworn denial of the client's claim and reversed the summary judgment. *Id.*

■ Because defendant did not object to the plaintiff's affidavit on the grounds it contained legal conclusions, the first issue we must address is whether defendant can raise this issue for the first time on appeal. An objection that an affidavit states only a legal conclusion is one that relates to a defect in substance. *Ramirez v. Transcontinental Ins. Co.,* 881 S.W.2d 818, 829 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Thus, such an objection may be raised for the first time on appeal. *Id.; see, e.g., Anderson,* 808 S.W.2d at 55 (objection raised after summary judgment, by motion for new trial). We find that defendant did not waive this objection.

■ There are only three statements that are arguably objectionable on the grounds that they are legal conclusions; each contains a mixture of legal conclusions and factual conclusions:

* Defendant was negligent by steam cleaning because when he did this he damaged the fuses and switches and all the electronic components.

* The installation of the motor mounts and the charges for defendant's mistakes constitute deceptive trade practices.

* Plaintiff incurred additional costs because of the negligent and deceptive manner in which defendant made the repairs.

We hold that these legal conclusions, even though defendant did not object to them, cannot be considered as support for the summary judgment. *Anderson,* 808 S.W.2d at 55. We sustain defendant's point of error as it relates to these three statements.

### 2. Factual Conclusions

■ A conclusory statement is one that does not provide the underlying facts to support the conclusion. Conclusory statements in affidavits are not proper as summary judgment proof if there are no facts to support the conclusions. *Ryland Group,* 924 S.W.2d at 122 (interested witness' affidavit which says affiant "estimates," or "believes" certain facts will not support summary judgment). Conclusory statements without factual support are not credible, and are not susceptible to being readily controverted. *Id.;* Tex.R. Civ. P. 166a(c).

■ The following are plaintiff's statements (paraphrased) that defendant challenges:

\* When plaintiff left her car with defendant it was "running perfectly."

\* The tie rods were fine when plaintiff took her car to defendant, but they were bent after she picked up the car.

\* The work defendant performed on plaintiff's car was done to correct the problems he created by steam cleaning plaintiff's engine.

\* The work defendant performed on plaintiff's car was done to correct the problems he created by installing motor mounts.

As to the statement that plaintiff's car was running perfectly when she left it with defendant, this statement has some support in the record because plaintiff said her car had "just had a major tune-up" at the Lincoln dealer. Later in her affidavit, she said when she went to pick up the car the second time, it "idled up very high and it ran sluggishly." Thus, this conclusory statement has factual support in the affidavit.

As to the statement that the tie rods were fine when plaintiff took her car to defendant, but they were bent after she picked up the car, there are facts included in the affidavit that support this conclusion. Plaintiff stated that the car had a major tune-up at the Lincoln dealer just before she took it to defendant; and after she recovered her car from defendant, she had to replace the tie-rods because they were bent. Thus, this conclusory statement has factual support in the affidavit.

As to the statement that defendant caused the problems with plaintiff's car by steam cleaning the engine, there are no facts included in the affidavit that support this conclusion. As to the statement that defendant caused problems with plaintiff's car by replacing the motor mounts, there are no facts included in the affidavit that support this conclusion. There is evidence that replacing the motor mounts was not necessary; however, there is no summary judgment proof that the replacement caused other problems. Thus, these conclusory statement have no factual support in the affidavit, and we cannot consider them as part of the summary judgment proof.

We sustain defendant's point of error as it relates to the two statements about defendant causing the problems with plaintiff's car by steam cleaning the engine and replacing the motor mounts.

## E. Evaluating the Summary Judgment Proof

We must now review plaintiff's affidavit without the statements we found objectionable (*see* parts C and D, slip op. at 9–11) to determine if the plaintiff's affidavit is sufficient to support the summary judgment. An affidavit that contains statements that are incompetent as summary judgment proof may support a motion for summary judgment if the remaining statements contain sufficient factual information to sustain the movant's burden of proof. *Marshall v. Sackett*, 907 S.W.2d 925, 933 (Tex.App.—Houston [1st Dist.] 1995, no writ).

In her petition, plaintiff alleged defendant violated the DTPA by engaging in deceptive trade practices when he told plaintiff that her automobile needed motor mounts to correct the air ride, when in fact all that was needed was the proper installation of front air struts. In her motion for summary judgment, plaintiff alleged this violated section 17.46(b)(13) of the DTPA.

To be entitled to a summary judgment on a claim under section 17.46(b)(13), plaintiff was required to prove, as a matter of law, that:

1.  defendant knowingly

2.  made false or misleading statements of fact to plaintiff

3.  about the need for parts, replacements, or repair service for plaintiff's automobile

TEX. BUS. & COM.CODE § 17.46(b)(13) (1997).

Plaintiff's affidavit supports two of the elements. It states that defendant told plaintiff he needed to install motor mounts on her car because the motor was shifting and touching an electronic part, causing the ride to go down; the service advisor at Southwest Lincoln Mercury said the installation of motor mounts had nothing to do with the air ride

going down; there was no connection between the two.[7]

However, there is no summary proof that defendant committed these acts "knowingly." The DTPA defines "knowingly" as actual awareness of the falsity, deception, or unfairness of the act or practice. TEX. BUS. & COM.CODE § 17.45(9); *Jim Walter Homes, Inc. v. Valencia,* 690 S.W.2d 239, 242 (Tex. 1985); *Webb v. International Trucking Co.,* 909 S.W.2d 220, 231 (Tex.App.—San Antonio 1995, no writ). The DTPA states that "knowingly" may be inferred when there are objective manifestations that indicate the person acted with actual awareness. TEX. BUS. & COM.CODE § 17.45(9). Because this is an appeal from a summary judgment, we are required to indulge every reasonable inference in favor of the defendant-nonmovant and resolve all doubts in his favor. *Science Spectrum,* 941 S.W.2d at 911; *Walsweer,* 930 S.W.2d at 663. Thus, in indulging every reasonable inference in favor of defendant, we could infer he was merely an incompetent mechanic, not that he acted with an "actual awareness of the falsity, deception, or unfairness" of his conduct.

We sustain defendant's point of error as it relates to plaintiff's claim under section 17.46(b)(13).

 In her petition, plaintiff alleged defendant violated the DTPA by repossessing her car without her permission. Plaintiff's theory for this DTPA violation was that defendant told her he would not deposit her check for two months. When plaintiff reported defendant to the Better Business Bureau, defendant deposited the check before the agreed date. Because plaintiff did not have enough money in her bank account, her check bounced, and then defendant repossessed her car. In her motion for summary judgment, plaintiff alleged this violated section 17.46(b)(23) of the DTPA.

To be entitled to a summary judgment on a claim under section 17.46(b)(23), plaintiff was required to prove, as a matter of law, that:

1. defendant did not disclose information concerning services to plaintiff;

2. which information was known by defendant at the time of the transaction with plaintiff;

3. the information was intended to induce plaintiff into a transaction; and

4. plaintiff would not have entered the transaction had defendant disclosed the information

TEX. BUS. & COM.CODE § 17.46(b)(23) (1997).

Plaintiff's affidavit does not support any of these elements. Plaintiff's affidavit contains no proof that defendant knew he would deposit her check before the agreed date. In fact, plaintiff's affidavit implies the opposite—that defendant deposited her check in response to her complaint to the Better Business Bureau. Nothing in her affidavit supports the conclusion that defendant did not disclose information known by him at the time of the transaction.

We sustain defendant's point of error as it relates to plaintiff's claims under sections 17.46(b)(13) and (23).

### F. Summary

We reverse plaintiff's claims under sections 17.46(b)(13) and (23) of the DTPA and remand for trial.

The en banc court unanimously votes to overrule *Morin v. Helfrick,* 930 S.W.2d 733, 738 (Tex.App.—Houston [1st Dist.] 1996, no writ), as set out in Part A, footnote 4, of the opinion.

---

**7.** Although the service advisor's statement to plaintiff may be hearsay, defendant did not raise this objection at the trial level and, therefore, waived it. *See Wilson v. General Motors Accep-* *tance Corp.,* 897 S.W.2d 818, 821–22 (Tex.App.—Houston [1st Dist.] 1994, no writ) (hearsay in an affidavit is a defect in form).