Beverly Lloyd v. Willard Jones














 
IN THE
TENTH COURT OF APPEALS
 

No. 10-99-171-CV

     BEVERLY LLOYD,
                                                                         Appellant
     v.

     WILLARD JONES,
                                                                         Appellee
 

From the County Court at Law No. 2
Tarrant County, Texas
Trial Court # 98-80263-2
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Beverly Lloyd appeals from a summary judgment granted in favor of Willard Jones. She
claims in a single point that the trial court erred in granting summary judgment because genuine
issues of material fact exist on the issues of incompetence and notice in her negligent entrustment
cause of action.
      On November 18, 1996, Lloyd was crossing the street at a crosswalk when she was struck
by a vehicle driven by Willard’s mother, Barbara. Barbara suffers from several ailments,
including, congestive heart failure, arthritis, shortness of breath, enhanced fatigueability and a
need to urinate frequently. Barbara also has problems walking due to her obesity and is unable
to ambulate more than a block. However, Willard regularly entrusted his car to Barbara without
incident.
      Lloyd filed suit against Willard in January of 1998 alleging negligent entrustment. Willard
moved for summary judgment on the grounds that Lloyd could produce no evidence that: 1)
Barbara was incompetent, and 2) that Willard knew or should have known that his mother was
incompetent. Lloyd responded and attached the affidavit of Dr. Bill Weldon to which Willard
filed written objections. The trial court granted summary judgment in favor of Willard and
decreed that Lloyd take nothing by her suit.
Summary Judgment Evidence
      Willard objected to the affidavit of Dr. Weldon and supporting exhibits, claiming that the
affidavit and exhibits are hearsay, made by an interested expert witness, and consist of legal and
factual conclusions. Lloyd argues that Willard has waived any objections to her summary
judgment evidence by not securing a ruling on them. Willard admits that his objections were
never ruled upon by the trial court but argues that the objections are substance-based and can be
raised for the first time on appeal. See Crow v. Rockett Special Utility Dist., 17 S.W.3d 320, 324
(Tex. App.—Waco 2000, pet. denied); Ahumada v. Dow Chemical Co., 992 S.W.2d 555, 562
(Tex. App.—Houston [14th Dist.] 1999, pet. denied). 
      Objections that a statement is hearsay or made by an interested witness relate to the form of
the summary judgment proof and, absent a ruling, will not be preserved on appeal. See Crow, 17
S.W.3d at 324 (interested witness); Harris v. Spires Council of Co-Owners, 981 S.W.2d 892, 897
(Tex. App.—Houston [1st Dist.] 1998, no pet.)(hearsay). Willard did not obtain a ruling on these
form objections and, therefore, the portion of Dr. Weldon’s affidavit to which these objections
apply remains a part of the record for review. See Crow, 17 S.W.3d at 324; Peerenboom v. HSP
Foods, Inc., 910 S.W.2d 156, 160 (Tex. App.—Waco 1995, no writ).
      Testimony comprised of legal conclusions is insufficient to support summary judgment as a
matter of law. See Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991). However, this does not
preclude logical conclusions drawn from the facts that are testified to by expert or lay witnesses. 
Id. Legal conclusions generally amount to little more than a witness choosing sides on the
outcome of the case. See Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st
Dist.] 1997, no pet.). The court in Rizkallah held that statements in the plaintiff’s affidavit were
legal conclusions in that they concluded that the defendant was negligent and the defendant’s
conduct constituted deceptive trade practices. Id. Objections to statements on the ground that they
are legal conclusions are objections of substance and may be raised for the first time on appeal. 
See Ahumada, 992 S.W.2d at 562; Peerenboom, 910 S.W.2d at 160.
      Affidavits that are conclusory in nature are also insufficient to support summary judgment. 
See Rizkallah, 952 S.W.2d at 587. Conclusory affidavits are those that do not provide the
underlying facts to support the factual conclusion and as such are not credible summary judgment
evidence. See Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996). The courts have
generally held that an objection to the conclusory nature of a summary judgment affidavit goes to
the substance of the affidavit. See Cain v. Rust Indus. Cleaning Servs., Inc., 969 S.W.2d 464,
467 (Tex. App.—Texarkana 1998, pet. denied).
      Willard objected to portions of Dr. Weldon’s affidavit wherein Weldon states that “based on
reasonable medical probability: 1) Barbara was incompetent to operate a motor vehicle at the time
of the accident, and 2) based on Barbara’s physical condition and symptoms, a reasonable
layperson in Willard’s position would have known that she was incompetent to drive a motor
vehicle.” Dr. Weldon states that he evaluated the facts of this case and Barbara’s medical history
in making this conclusion. Willard also objected to the exhibits attached to Lloyd’s response. 
Willard argues that the excerpts from medical journals contain legal and/or factual conclusions.
      After reviewing the statements to which Willard raised these objections of substance, we
conclude that these statements are not legal conclusions or unsupported factual conclusions. The
statements by Dr. Weldon consist of expert opinion as to whether Barbara is competent to drive
a motor vehicle and lay opinion as to whether Willard should have known she was incompetent
when he lent her the car. The excerpts from medical journals attached as exhibits contain
statements of fact and not factual or legal conclusions with regard to this case. Accordingly, Dr.
Weldon’s affidavit and supporting evidence are properly before us on appeal.
Summary Judgment
      The standards for reviewing a summary judgment are well established. See Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex.1985). The movant has the burden of showing
that no genuine issue of material fact exists and that it is entitled to the summary judgment as a
matter of law. Id. at 548-49. The reviewing court must accept all evidence favorable to the
non-movant as true. Id. at 549. Every reasonable inference must be indulged in favor of the
non-movant and all doubts resolved in its favor. Id. In the present case, both a no-evidence
motion for summary judgment under Rule 166a(i) and a traditional motion were filed by Jones.
       contra Hight v. Dublin
Veterinary Clinic, 22 S.W.3d 614, 618 (Tex. App.—Eastland 2000, no pet. h.)(holding that no-evidence summary judgment is not equivalent to a pre-trial directed verdict and is treated the same
as all other motions for summary judgment). We review all evidence in favor of the non-movant
and disregard all contrary evidence and inferences. See Zapata, 997 S.W.2d at 747; Marsaglia,
22 S.W.3d at 3. A no-evidence summary judgment motion under Rule 166a(i) should be made
without presenting evidence to support the motion. See Williams v. Bank One, Tex., 15 S.W.3d
110, 116 (Tex. App.—Waco 1999, no pet.); Ethridge v. Hamilton County Elec. Coop. Ass’n, 995
S.W.2d 292, 295 (Tex. App.—Waco 1999, no pet.). We also note that where the moving party
attaches summary judgment evidence, the review is conducted as though the motion for summary
judgment was a traditional one. See Williams, 15 S.W.3d at 117.
Negligent Entrustment
      To establish an automobile owner’s liability for negligent entrustment, there must be a
showing of: 1) entrustment of a vehicle by the owner; 2) to an unlicenced, incompetent, or
reckless driver; 3) that the owner knew or should have known to be incompetent, 4) that the driver
was negligent on the occasion in question; and 5) that the driver’s negligence proximately caused
the accident. See Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987). 
Elements two and three are the only contested elements in this case.
      Lloyd claims that Barbara was incompetent because of her medical condition at the time of
the accident. Willard’s motion for summary judgment alleges that Lloyd cannot adduce any proof
with regard to Barbara’s incompetence at the time of the accident. Barbara states in her deposition
that she has never been instructed not to drive by a doctor and has only been involved in one
accident that occurred several years ago. She also states that she currently holds a valid and
unrestricted Texas drivers license. Lloyd responds with Dr. Weldon’s affidavit stating that due
to her medical condition, especially her increased fatigueability, Barbara is incompetent to operate
a motor vehicle safely. 
      Willard states in his deposition that he is aware of his mother’s many ailments but she has
been driving regularly without incident and currently holds a valid Texas drivers license. Lloyd
adduced contrary evidence through Dr. Weldon. He states that based on Barbara’s medical
condition, a reasonable layperson in Willard’s position should have known that she was
incompetent to drive safely.
      When we review all the evidence in favor of Lloyd and disregard all contrary evidence, we
find that the evidence raises a question of fact on the issues of incompetence and Willard’s
awareness of his mother’s incompetence. The no-evidence motion with regard to Lloyd’s claim
of negligent entrustment should have been denied.
      With regard to the traditional motion for summary judgment on negligent entrustment, we find
that Willard failed to establish his entitlement to judgment as a matter of law. The motion for
summary judgment on negligent entrustment should have been denied. Accordingly, we sustain
point one.
      The judgment of the trial court is reversed and this cause is remanded for further proceedings
consistent with this opinion.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed April 11, 2001
Do not publish



ify">      Justice Gray
Affirmed
Opinion delivered and filed May 2, 2001
Do not publish