NUMBER 13-02-290-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

ROSA MARIA MORENO, 

JOSE M. MORENO, MARIA 

J. VELA, JORGE LUIS
MORENO, 

MARY A. GARCIA, ET AL.,                                       Appellants,

 

                                           v.

 

LMB, LTD., D/B/A UNIVERSITY 

PLAZA,                                                                   Appellee.

 

 

 

On appeal from the 92nd District
Court of Hidalgo County, Texas.

 

 

 

            DISSENTING MEMORANDUM OPINION

 

     Before Chief Justice Valdez and Justices Yañez and
Castillo

                Dissenting Memorandum by Justice
Castillo

 








The claim below was
presented on a theory of premises liability. 
Appellee, LMB, Ltd., as premises owner, filed a no-evidence motion for
summary judgment based on a lack of evidence regarding causation.  LMB, Ltd., asserted that there was no
evidence to show that its conduct (1) proximately caused the car-pedestrian
accident which allegedly led to Rosa Moreno's injuries, or (2) caused her
injuries or death.  The trial court
granted summary judgment on both traditional and no-evidence grounds.  The majority opinion reverses and remands
summary judgment.  Because I would affirm
summary judgment, I respectfully dissent. 









The live pleading
cites various alleged failures on the part of LMB, Ltd., which allegedly
resulted in an unsafe parking lot on which Mrs. Moreno was walking when  struck by a passing car.  I agree with the majority's analysis of the
applicable test for cause-in-fact.[1]
However, applying the test under relevant summary judgment standards, I reach
the opposite result.  Respectfully,  I conclude that the non-movant's
summary-judgment evidence is conclusory[2]
and, thus,  insufficient to create a
question of fact as to causation because the evidence does not[3]
(1) address the condition of the premises; (2) support the conclusion that LMB,
Ltd.'s conduct (a) "substantially caused" injury and death, or (b)
"produced the condition which directly caused . . . untimely death;"
or (3) link the injuries or the accident to the condition of the premises or
the premises owner's conduct.[4]  

Because we may affirm
the summary judgment if any one of the movant's theories has merit,[5]
I would sustain the summary judgment on no‑evidence grounds because the
non-movants did not bring forth more than a scintilla of probative evidence to
raise a genuine issue of material fact as to the challenged element of the
claims, causation.  See Tex. R. Civ. P. 166a(i). 

 

 

ERRLINDA CASTILLO      

Justice

 

Dissenting Opinion delivered and filed

this 16th day of June, 2005.

 

 

 

 











[1] See CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000); Marathon Corp. v.
Pitzner, 106 S.W.3d 724, 727 (Tex. 2003). 






[2] Conclusory affidavits are insufficient to raise a fact issue in
response to a motion for summary judgment. 
See Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996) (per
curiam); Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).  In fact, unsupported conclusions are not
competent summary judgment evidence.  Burrow
v. Arce, 997 S.W.2d 229, 235 (Tex. 1999); Rizkallah v. Conner, 952
S.W.2d 580, 587 (Tex. App.BHouston [1st Dist.] 1997, no pet.) ("A conclusory
statement is one that does not provide the underlying facts that support the
conclusion. Conclusory statements in affidavits are not proper as summary
judgment proof if there are no facts to support the conclusions."). 





[3] See IHS Cedars Treatment Ctr.
of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 803 (Tex. 2004); McIntyre
v. Ramirez, 109 S.W.3d 741, 749-50 (Tex. 2003).  





[4] See Read v. Scott Fetzer Co.,
990 S.W.2d 732, 737 (Tex. 1998); Leitch v. Hornsby, 935 S.W.2d 114, 118‑19
(Tex. 1996).  





[5] Star‑Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Rogers v. Ricane Enter.,
Inc., 772 S.W.2d 76, 79 (Tex. 1989); Mulvey v. Mobil Producing Tex.
& N.M. Inc., 147 S.W.3d 594, 605 (Tex. App.BCorpus Christi 2004, pet. denied)
(citing AMS Constr. Co. v. Warm Springs Rehab. Found., 94 S.W.3d 152,
159 (Tex. App.BCorpus Christi 2002, no pet.)).