**Opinion issued February 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00530-CV

———————————

**COUNTY REAL ESTATE VENTURE AND JAMES MORGAN, Appellants**

**V.**

**FARMERS AND MERCHANTS BANK OF LONG BEACH, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 995698**

---

## MEMORANDUM OPINION

In this suit to recover a credit card debt, County Real Estate Venture and

James Morgan, the debtors, appeal the trial court's summary judgment in favor of

Farmers and Merchants Bank of Long Beach, the creditor. Venture and Morgan

contend that (1) genuine fact issues exist, (2) the Bank's affidavits are inadequate

to conclusively establish the debt owed, and (3) the trial court erred in denying a new trial. We hold that the Bank's summary-judgment evidence fails to conclusively establish its claim. We therefore reverse and remand.

## Background

In July 2011, the Bank sued Venture and Morgan for breach of contract for amounts owed on a credit card agreement totaling $63,390.83. Venture and Morgan denied that they owed a debt on the account.

In February 2013, the Bank moved for summary judgment on its breach of contract claim, attaching (1) an affidavit from bank supervisor J. Barnes, (2) a credit card application, and (3) a page of an account statement listing "CHARGE OFF ACCOUNT-PRINCIPALS $62,665.24," "CHARGE OFF ACCOUNT 'FINANCE CHARGES' 702.59," plus a newly incurred and charged-off $25 late fee. Venture and Morgan failed to respond to the motion for summary judgment. The trial court granted judgment for the Bank for $63,390.83 and an additional $21,130.00 in attorney's fees. Ventures and Morgan moved for a new trial, and the trial court denied the motions.

## Discussion

Venture and Morgan challenge the trial court's judgment, contending that the Bank's summary-judgment evidence fails to establish its affirmative claim for breach of contract as a matter of law.

2

### *Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Samuel v. Fed. Home Loan Mortg. Corp.*, 434 S.W.3d 230, 233 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009)). In a traditional motion for summary judgment, like the one filed in this case, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A judgment seeking affirmative relief requires a movant to prove that it is entitled to judgment as a matter of law on each element of its cause of action. *Winchek v. Am. Express Travel Related Servs. Co., Inc.*, 232 S.W.3d 197, 201 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222–23 (Tex. 1999), *and Rizkallah v. Conner,* 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no writ)). "Only if the movant conclusively establishes its cause of action does the burden shift to the nonmovant to respond with evidence raising a genuine issue of material fact that would preclude summary judgment." *Id.* at 202 (citing *Steel,* 997 S.W.2d at 222–23). We indulge every reasonable inference in the nonmovant's favor. *Samuel*, 434 S.W.3d at 233 (citing *Valence Operating Co. v.*

*Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005), *and Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003)).

In summary judgment cases, "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX. R. CIV. P. 166a(f) (West 2014). An objection that an affidavit was not based on personal knowledge is a defect in form that must be preserved by objection in the trial court. *Rizkallah*, 952 S.W.2d at 585. However, "an objection that an affidavit is conclusory is an objection to the substance of the affidavit that can be raised for the first time on appeal." *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also Wal-Mart Stores, Inc. v. Merrell*, 313 S.W.3d 837, 839 (Tex. 2010) (noting in summary judgment case that "conclusory statements cannot support a judgment even when no objection was made to the statements at trial." (quoting *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004))).

### *Applicable Law*

To prevail on its breach of contract claim, the Bank was required to prove: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained as a result of that breach. *Winchek*, 232 S.W.3d at 202 (citing *Prime Prods., Inc. v. S.S.I.*

4

*Plastics, Inc.,* 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)).

*Analysis*

Venture and Morgan first observe that Barnes's affidavit statements about ownership of the credit card debt and the amount owed are conclusory. With respect to the amount owed on the account, he states: "After allowing all offsets, credits and payments, there is due and owing to FARMERS AND MERCHANTS BANK OF LONG BEACH on the contract $63,390.83." The attached account page contains a current balance owed and "charged-off," but it is devoid of a listing of the charges themselves, as well as any payments or offsets.

In credit card cases, summary judgment evidence of damages is sufficient where it "provide[s] detailed explanations of the cost of credit . . . the methodology employed" to calculate the balance owed. *Colvin v. Tex. Dow Emps. Credit Union*, No. 01-11-00342-CV, 2012 WL 5544950, at *6 (Tex. App.—Houston [1st Dist.] Nov. 15, 2012, no pet.) (mem. op.) (quoting *Winchek,* 232 S.W.3d at 205).

Barnes's affidavit and the charge-off page do neither. In other cases similarly wanting in proof, we have reversed. For example, in *Wande v. Pharia, L.L.C.,* we held that the creditor failed to establish the amount owned, where it had attached a cardholder agreement but failed to attach evidence of the calculations used to reach the claimed unpaid balance. *See* No. 01–10–00481–CV, 2011 WL

5

3820774, at *5 (Tex. App—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op) (noting that the creditor failed to "direct us to any document in the record supporting the entire claimed amounts."). Similarly, in *Colvin*, we reasoned that the creditor failed to establish contract damages, because it did not show how it reached the claimed damages amount nor offer monthly statements showing charges, payments, or interest calculations. *Colvin*, 2012 WL 5544950, at *6. Further, in a case about a bank loan, we held that the lender's evidence was not sufficient to establish the terms of the loan contract as a matter of law where it lacked any document establishing the agreed terms. *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 236 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

In contrast, in *Winchek*, we affirmed summary judgment for a creditor, where the evidence included the credit card agreement, the methodology employed by the credit card company, a detailed explanation of the cost of credit, and the billing statements that included past-due amounts owed. *Winchek,* 232 S.W.3d at 204–05. The credit card company's affiant attested that the company "sent monthly statements of account to [the borrower], that each statement set forth in detail all the debits and credits to [the borrower's] account, and that each statement 'reflected the total amounts due . . .'" *Id.* at 205. The affiant attested to the specific amount of damages after payments and offsets had been made. *Id.*

The present case is more like *Wande* and *Colvin* than *Winchek.* Although Barnes avers that an attachment to his affidavit included the contract at issue and that the Bank "performed all conditions of the contract and all conditions precedent to recovery on the contract," the attachments do not contain any statement of account showing past-due charges, or any calculation for the Bank's claimed outstanding balance including offsets and credits. *See Colvin*, 2012 WL 5544950, at *6; *Wande*, 2011 WL 3820774, at *5. The attachment also shows one page of a credit card application, but does not contain the credit agreement or other document establishing the agreed terms. *See Williams*, 264 S.W.3d at 236. Accordingly, we hold that the Bank has failed to adduce sufficient evidence to be entitled to summary judgment.

## Conclusion

Because the Bank's affidavit and attachments fail to conclusively establish contract liability and damages, we reverse the trial court's summary judgment and remand the case for further proceedings.[1] All pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

[1] We decline to address Venture and Morgan's complaint that the trial court erred in denying their motion new trial because that complaint would not result in greater appellate relief. *See* TEX. R. APP. P. 47.1.