**Affirmed as modified; Opinion Filed January 18, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01010-CV**

**No. 05-16-01033-CV**

**No. 05-16-01034-CV**

**No. 05-16-01035-CV**

## IN THE INTEREST OF S.N., JR., S.M., H.E., AND K.E., CHILDREN

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. DF-11-18595-U, DF-15-06055-U, DF-15-02203-U, and DF-16-01035-U**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Myers

This case concerns the termination of the parent–child relationships between the children

S.N., Jr., S.M., H.E., and K.E. and their mother, K.S.E. Mother brings five issues contending the

trial court erred by terminating the parent–child relationships because (a) the evidence is legally

and factually insufficient to support termination of her parental rights under section

161.001(b)(1)(O) of the Family Code, (b) the evidence is legally and factually insufficient to

support the best interest finding, and (c) the evidence is legally and factually insufficient to

support the appointment of the Department of Family and Protective Services as permanent

managing conservator of the children. Mother asserts that if the evidence is sufficient to support

the appointment of the Department as the managing conservator of K.E., then the judgment must

be modified to so provide. We affirm the trial court's judgments as to S.N., Jr., S.M., and H.E. In the case involving K.E., we modify the judgment to identify the correct child in the order terminating the parent–child relationship and to show the Department of Family and Protective Services is the permanent managing conservator of K.E., and we affirm that judgment as modified.

## BACKGROUND[1]

The Dallas County Child Protective Services Unit of the Texas Department of Family and Protective Services ("the Department") filed petitions for protection of the children, including for conservatorship and for termination of Mother's parental rights. The trial court signed temporary orders naming the Department the temporary managing conservator of the children.

The trial court also signed orders conditioning return of the children to Mother on her successfully completing certain services, including parenting classes, a psychological evaluation, counseling, drug and alcohol assessment and treatment, random drug testing, psychiatric services, and to follow the recommendations of the service providers. Mother completed one parenting program, but her psychological evaluation recommended a more intensive parenting program, which she did not complete. Mother had some negative urinalysis test results, but she consistently tested positive for cocaine in hair-strand tests. Mother did not successfully complete drug counseling.

The day before the trial, the parties engaged in mediation to reach agreements on the cases. Toward the end of the mediation, Mother left unexpectedly. When the parties reached Mother on the telephone, she was highly emotional but was able to communicate that she wanted

---

[1] The clerk's records contain affidavits detailing alleged abuse and neglect the children suffered as well as Mother's mental-health and emotional issues. Neither these affidavits nor similar information was offered into evidence at the trial.

her lawyer to approve the mediated settlement agreements. The agreements provided for termination of Mother's parental rights, post-termination supervised visitation with three of the children, and the right to attend the quarterly gatherings of the four children. Mother did not attend the trial, and her lawyer said she knew to be present at the court that day. Her lawyer stated Mother had told him, "Y'all do whatever you want." He stated that he thought termination of Mother's parental rights in accordance with the agreements was in her best interest.

At the conclusion of the trial, the trial court signed orders terminating Mother's parental rights with the children. The trial court also ordered the termination of the parental rights of the fathers of three of the children, and the rights of the unknown father to the fourth child. The court appointed the Department to be the permanent managing conservator of the children. The orders incorporated the terms of the mediated settlement agreements, which allowed Mother post-termination supervised visitation with three of the four children. The agreements and orders also provided that the children would meet once a quarter and that Mother could attend those meetings.

## STANDARD OF REVIEW

Under the Texas Family Code, parental rights can be terminated only when there is clear and convincing evidence that the parent has committed an act prohibited by section 161.001(b)(1) and termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2016). "Clear and convincing evidence" is "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007 (West 2014).

In a legal sufficiency challenge, we credit evidence that supports the verdict if a reasonable factfinder could have done so and disregard contrary evidence unless a reasonable factfinder could not have done so. *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014). However,

we should not disregard undisputed facts that do not support the verdict to determine whether there is clear and convincing evidence. *Id.* Even evidence that does more than raise surmise or suspicion will not suffice unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *Id.* If we determine that no reasonable factfinder could form a firm belief or conviction that the matter to be proven is true, then we must conclude the evidence is legally insufficient. *Id.*

In a factual sufficiency review, we must give due consideration to any evidence the factfinder could reasonably have found to be clear and convincing. *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002) (citing *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id.* If the disputed evidence is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

## TERMINATION OF PARENTAL RIGHTS UNDER § 161.001(B)(1)(O)

In her first and second issues, Mother contends the evidence is legally and factually insufficient to support terminating her parental rights under section 161.001(b)(1)(O). That provision authorizes termination when the parent:

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child;

and termination is in the best interest of the child. FAM. § 161.001(b)(1)(O), (b)(2).

Mother asserts the evidence was insufficient to prove she was ordered to comply with services to obtain return of the children and was insufficient to prove the children were removed from her custody due to abuse or neglect. The caseworker for the Department testified that

Mother failed to comply with orders that she complete services, but Mother contends there is no evidence that those orders required compliance by Mother for her to obtain the return of the children or that the children were removed for abuse or neglect.[2]

The caseworker for the Department testified,

Q. . . . With respect to the mother as it relates to all four of her children, are you asserting to the Court that the mother has failed to comply with the provisions of a court order that specifically establish the actions necessary for the mother to obtain the return of her children who have been in the temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal under Chapter 262 for abuse or neglect pursuant to Section 161.001, Subsection 1, Subsection O of the Texas Family Code?

A. Yes.

Mother argues the caseworker's testimony was conclusory and did not constitute evidence. We disagree. Testimony is conclusory when it consists of conclusions and does not provide the underlying facts to support the opinion. *Rizkallah v.Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no writ). Conclusory statements are not susceptible to being readily controverted. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Although the caseworker's testimony tracked the statute, it was not conclusory because it was a statement of four facts: (1) a court order specifically established the actions necessary for Mother to obtain return of her children, (2) Mother failed to comply with that order, (3) the children have been in the custody of the Department for not less than nine months, and (4) the children were removed from Mother's custody under Chapter 262 due to abuse or neglect. These are statements of fact, not mere conclusions. These statements could have been readily controverted by evidence that the order did not require compliance for return of the children or by evidence that the children were not removed for abuse or neglect. We conclude the evidence is legally and factually

---

[2] Mother does not contend on appeal that the evidence was insufficient to prove she failed to meet the requirements of the orders or to prove that the children have been in the conservatorship of the Department for not less than nine months.

sufficient to support termination of Mother's parental rights under paragraph (O) concerning the elements Mother challenges. We overrule Mother's first and second issues.

## BEST INTEREST OF THE CHILDREN

In her third and fourth issues, Mother contends the evidence is legally and factually insufficient to prove termination of the parent–child relationships was in the best interest of the children. Before the court may terminate the parent–child relationship, the court must find by clear and convincing evidence that termination is in the child's best interest. *See* FAM. § 161.001(b)(2). In making this determination, the court considers the factors listed in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). *See In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012). Those factors are,

(1) the child's desires;

(2) the child's emotional and physical needs now and in the future;

(3) any emotional and physical danger to the child now and in the future;

(4) the parental abilities of the individuals seeking custody;

(5) the programs available to assist the individuals seeking custody to promote the best interest of the child;

(6) the plans for the child by the individuals or agency seeking custody;

(7) the stability of the home or proposed placement;

(8) the parent's acts or omissions which may indicate that the existing parent–child relationship is improper; and

(9) any excuse for the parent's acts or omissions.

*Holley*, 544 S.W.2d at 371–72; *see E.N.C.*, 384 S.W.3d at 807. The Department does not have to present evidence of all the factors to prove termination is in the child's best interest. *See C.H.*, 89 S.W.3d at 27.

In this case, there is no evidence of the children's desires or of their physical and emotional needs. Nor is there any evidence of any physical or emotional danger to them now or in the future.

Concerning the parenting abilities of the individuals seeking custody, their plans and the Department's plans for the children, and the stability of the proposed placements, the evidence showed the Department planned to place two of the children, S.N., Jr. and H.E., with a friend of their father who already had custody of the father's two other children. The Department had performed a home study on the friend, and the study was favorable. The friend planned to adopt S.N., Jr. and H.E. The foster parents of K.E. wanted to adopt him, and the Department approved of that plan. The paternal grandmother of S.M. wanted to adopt her, and the Department planned to move forward with that adoption. Although Mother did not sign the mediated settlement agreements, the Department planned to allow her post-termination contact with the children provided by the agreements, including exchanges of letters and cards with all the children and supervised visitation with three of the four children. The agreements also provided that the four children would visit together quarterly and that Mother could attend those visits.

Concerning Mother's acts or omissions indicating the parent–child relationship is improper, the evidence admitted at trial showed Mother consistently tested positive for cocaine in hair-strand tests. The caseworker testified Mother had "some clean UAs," which the trial court could interpret as also meaning Mother had some urinalysis tests that were not "clean." Another witness testified that Mother's Facebook page indicated she had probably engaged in prostitution. The trial court could conclude from other testimony that Mother did not know who was the father of one of the children or that she refused to disclose the father's identity. Although Mother completed an initial parenting program, she was required to attend an additional parenting program that was more extensive and hands-on, but she did not complete

this program. She also did not complete the drug-counseling program. Mother's unexpected early departure from the mediation the day before the trial, her "extremely emotional" state when the other parties reached her on the telephone after she left the mediation, her refusal to attend the trial, and her statement to her lawyer of "Y'all do whatever you want" regarding the children all indicate she lacks emotional stability. There was no evidence that Mother had any excuse for these acts and omissions.

There is a strong presumption that a child's best interest is served by maintaining the parent–child relationship. *In re D.W.*, 445 S.W.3d 913, 925 (Tex. App.—Dallas 2014, pet. denied). However, there is also a presumption that prompt placement of the child in a safe environment is in the child's best interest. *Id.* (citing FAM. § 153.131(b) (West 2014); § 263.307(a) (West Supp. 2016)). The evidence showed the Department has found families willing to adopt all the children, while Mother failed to complete the services necessary for return of her children, continued to use cocaine, and failed to appear at the trial for determining whether to terminate her parental rights. All of these facts support the trial court's conclusion that clear and convincing evidence showed termination of the parent–child relationship was in the best interest of each of the children.

We conclude the evidence is legally and factually sufficient to support the trial court's finding that termination of the parent–child relationships was in the children's best interest. We overrule Mother's third and fourth issues.

## CONSERVATORSHIP

In her fifth issue, Mother contends the evidence is legally and factually insufficient to support the appointment of the Department of Family and Protective Services as permanent managing conservator of the children. Conservatorship determinations are reviewed for an abuse of discretion. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Therefore, we reverse the trial

court's appointment of a managing conservator only if we determine it was arbitrary and unreasonable. *Id.*

Mother argues she should have been appointed managing conservator of the children because section 153.131(a) of the Family Code creates "a rebuttable presumption that a parent will be named a child's managing conservator unless the court finds that such appointment would not be in the child's best interest 'because the appointment would significantly impair the child's physical health or emotional development' or finds that there is a history of family violence involving the parents." *See* FAM. § 153.131(a). Section 153.131 applies when the parents' parental rights have not been terminated. However, when the parents' parental rights have been terminated, as in these cases, section 161.207 governs the appointment of a managing conservator. In that situation, the trial court appoints "a suitable, competent adult, the Department of Family and Protective Services, or a licensed child-placing agency as managing conservator of the child." FAM. § 161.207 (West Supp. 2016). In this case, Mother presented no evidence that she is "a suitable, competent adult" to become the children's managing conservator. *See In re N.T.*, 474 S.W.3d 465, 481 (Tex. App.—Dallas 2015, no pet.).

We conclude the record does not show the trial court abused its discretion by appointing the Department to be the managing conservator of the children. We overrule Mother's fifth issue.

### MODIFICATION OF THE JUDGMENT IN 05-16-01035-CV

In cause number 05-16-01035-CV, which concerns the child K.E., the trial court's judgment incorrectly orders the termination of Mother's parental rights to S.N.M. and appoints the Department permanent managing conservator of S.N.M. Pursuant to rule of appellate procedure 43.2(b), we modify the judgment in that case to order the termination of the parent–

child relationship between Mother and K.E. and to provide that the Department is appointed permanent managing conservator of K.E. *See* TEX. R. APP. P. 43.2(b).

## CONCLUSION

We affirm the trial court's judgments in cause numbers 05-16-01010-CV, 05-16-01033-CV, and 05-16-01034-CV. In cause number 05-16-01035-CV, we modify the judgment, and we affirm the trial court's judgment as modified.

/Lana Myers/
LANA MYERS
JUSTICE

161010F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF S.N., JR., A CHILD,

No. 05-16-01010-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-11-18595-U.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of January, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.M., A MINOR

No. 05-16-01033-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-15-06055-U.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of January, 2017.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF H.E., A MINOR

No. 05-16-01034-CV

On Appeal from the 302nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-15-02203-U.
Opinion delivered by Justice Myers. Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of January, 2017.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF K.E., A MINOR

No. 05-16-01035-CV

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-15-13084-U.
Opinion delivered by Justice Myers. Justices
Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The trial court's best-interest finding and the order under the section headed "Termination of the Parental rights of Respondent Mother, Keyera Sakela Eley" are **MODIFIED** to state, "The Court also finds that termination of the parent-child relationship between the mother, Keyera Sakela Eley, and the child the subject of this suit, King Eley, is in the best interest of the child. IT IS THEREFORE, ORDERED AND DECREED by the Court that the parent-child relationship between the Mother, Keyera Sakela Eley, and the child King Eley, be and is hereby terminated." The trial court's order appointing a permanent managing conservator is **MODIFIED** to state, "IT IS THEREFORE, ORDERED AND DECREED by the Court that the Texas Department of Family and Protective Services is appointed Permanent Managing Conservator of the child, King Eley."

It is **ORDERED** that, as modified, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of January, 2017.