Lawrie GRACE, Appellant,

v.

**TITANIUM ELECTRODE PRODUCTS, INC., Appellee.**

No. 01–05–00966–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 2007.

David F. Beale, Law Offices of David F. Beale, Houston, TX, for Appellant.

E. John Gorman, Bradford W. Irelan, Irelan & Hargis, P.L.L.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, Lawrie Grace, challenges a summary judgment rendered in a suit for declaratory relief in which appellee, Titanium Electrode Products, Inc. (Telpro, Inc.),

sought to disqualify Grace as a shareholder on the grounds that he failed to satisfy conditions precedent to acquiring stock. Grace answered, but did not reply timely to Telpro, Inc.'s motion for summary judgment. The summary judgment recites that Grace failed, as a matter of law, "to satisfy conditions necessary to be a shareholder." In two issues on appeal, Grace challenges the legal sufficiency of Telpro's motion and the finality of the summary judgment. We conclude that the judgment is final and that material fact issues require that we reverse the summary judgment and remand for trial.

### Undisputed, Background Facts

Grace met with three other individuals, Cathleen Johannessen, Stephen Van Loggerenberg, and Marcello Biagioli, in 1998 to discuss formation of a business entity to market and deliver mixed metal oxide anodes to the cathodic protection market in various parts of the world. Initial plans were that Johannessen would begin operations in the United States, Biagioli in the United Kingdom, Grace in Singapore, and that Van Loggerenberg would supply the three companies with product, credit, and technical support through his company, NMT Electrodes PTY, Ltd., located in South Africa.

To that end, the four individuals formed an enterprise that Telpro, Inc. refers to as "Telpro Global" in 1998.[1] The global enterprise consisted of Telpro, Inc. located in Fort Bend County, Texas, for the United States market; Telpro, Ltd., for the United Kingdom market; Telpro, for the Singapore market; and NMT Electrodes PTY, Ltd. in South Africa. According to Telpro, Inc. under the terms of the agreement among the individuals, each was responsible for his or her respective market, which

---

1. The record contains no evidence concerning whether the global enterprise was a corporation, partnership, or other type of joint venture.

included establishing corporate structures and offices; developing clientele; developing and furthering business contacts and relationships; providing marketing and forecasting data to the other parties; and realizing and achieving profit objectives. In addition, each of the four individuals would serve as directors and equal shareholders of all four companies and would receive 25 percent of the shares of the other companies.

Despite the initial designation of Singapore as Grace's market base, he reached an understanding with the three other individuals that he would operate in France, on condition that he not compete with Biagioli's Telpro, Ltd., operations in the United Kingdom. Grace then formed Telpro Sarl in France in June 2001. Telpro, Inc., the plaintiff in this action, issued to Grace 25 percent of the stock of Telpro, Inc. on December 7, 2001.[2]

Telpro, Inc.'s pleadings state that in July 2003, however, Grace filed an action in the United Kingdom against Biagioli, Van Loggerenberg, Johannessen, and the Telpro, Inc. entity, that in April 2004, Grace demanded to review Telpro, Inc.'s corporate books and records, and that the latter demand "prompted this litigation."

## Procedural Background

Telpro, Inc. filed this declaratory judgment action in June 2004. Telpro, Inc. claimed that Grace had no rights as a shareholder to inspect the records and sought a declaration that Grace had no status as a shareholder in Telpro, Inc. "because he failed to satisfy conditions precedent to acquire a shareholder inter-est in Telpro, Inc. and other Telpro entities and had agreed to return his shares if Telpro Sarl ceased to trade." Consequently, alleged Telpro, Inc. "Grace enjoys none of the rights, title[,] and privilege of a shareholder," including the right to inspect Telpro, Inc.'s books pursuant to article 2.44 of the Business Corporation Act. *See* TEX. BUS. CORP. ACT ANN. § 2.44 (Vernon 2003). Telpro, Inc. sought alternatively to determine whether Grace's demand to review Telpro Inc.'s records was in bad faith or for an improper purpose, and whether the scope of his demand was excessive. Telpro, Inc. also sought attorney's fees and costs. Grace answered the lawsuit pro se, by general denial.

In moving for traditional summary judgment on July 7, 2005, *see* TEX.R. CIV. P. 166a(c), Telpro, Inc. argued that Grace was not a shareholder of Telpro, Inc. because he did not perform the "services promised in consideration of the issuance of stock in Telpro, Inc." and therefore "failed to satisfy conditions precedent to acquiring shareholder status." In telecopier and e-mail correspondence directed to the trial court on July 25, 2005, Grace acknowledged that the case was "due to be heard" on August 1, 2005. Grace explained that he was in France, did not have a machine-readable passport to enter the United States, and asked that the summary judgment hearing be deferred for at least one month.[3] Grace also executed an affidavit on July 28, 2005, and submitted it to the trial court, but it was not filed until the day after the associate trial-court judge[4] recommended that summary judgment be rendered in favor of Telpro, Inc.

---

2. The record does not reflect whether Telpro, Ltd. in the United Kingdom and NMT Electrodes PTY, Ltd. in South Africa issued stock to Grace or whether Grace's Telpro Sarl in France issued stock to the others.

3. Grace does not assert an appellate challenge to denial of his request for continuance.

4. *See* TEX. GOV'T CODE § 54.1011(a)(11) (Vernon 2005) (delineating cases that may be referred to associate judge in Fort Bend County, but limiting associate judge's authority to recommending judgments).

The trial court's final summary judgment recites that, "no material fact issue exists regarding the facts that [Grace] failed to satisfy conditions necessary to be a shareholder" of Telpro, Inc. and declared "null, void, and unenforceable" any prior transfer of Telpro, Inc. stock to Grace.

### Finality of Judgment

In his second issue, Grace contends that the trial court erred in awarding appellate attorney's fees without having first awarded trial-court attorney's fees and that the judgment is not final because the trial court did not resolve Telpro, Inc.'s claim for attorney's fees. We address the latter portion of Grace's second issue at the outset, because it pertains to our jurisdiction to address this appeal.

Except for "a few mostly statutory exceptions," this Court's jurisdiction is limited to appeals from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). We determine whether a decree is a final, appealable judgment based on the language in the decree and the record of the case. *Id.* A judgment is final and appealable if it disposes of all parties and claims in the case. *Id.* A judgment is not final if it fails to dispose of a party's claim for attorney's fees. *McNally v. Guevara,* 52 S.W.3d 195, 196 (Tex.2001). In reliance on *McNally,* Grace contends that the judgment in this case is not final because the trial court did not "dispose of" Telpro, Inc.'s claim for attorney's fees for work done in the trial court, despite granting conditional attorney's fees for appeal.

The record reflects that the trial court struck through and initialed a provision of the judgment, as proposed by Telpro, Inc. that would have awarded Telpro, Inc. $20,900.00 as reasonable and necessary attorney's fees. Grace contends that, in striking through this granting paragraph, the trial court left the claim for trial-court attorney's fees unresolved. From that premise, Grace contends that the judgment is not final. We disagree.

Rule 305 authorizes parties to submit a proposed judgment to the court for signature. Tex.R. Civ. P. 305. Pursuant to its inherent judicial power, however, a trial court ensures that a proposed judgment correctly reflects the trial court's action and the relief granted. *See Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, 292 (1953), *rev'd on other grounds, Jackson v. Hernandez,* 155 Tex. 249, 285 S.W.2d 184, 191 (1956) *Coleman v. Zapp,* 105 Tex. 491, 151 S.W. 1040, 1041 (1912) (both decided in context of correction of judgment nunc pro tunc); *see also* Tex.R. Civ. P. 301 ("The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or in equity.")

By striking through the grant of $20,900.00 for trial-court attorney's fees, as proposed by Telpro, Inc. and by initialing that change, the trial court necessarily denied that relief to Telpro, Inc. *See Cox v. Upjohn Co.,* 913 S.W.2d 225, 228 (Tex. App.-Dallas 1995, no writ) (according dispositive effect to trial court's striking through language of proposed judgment by holding that trial court's action expressly limited ruling). By striking through the paragraph of Telpro, Inc.'s proposed judgment, the trial court denied, and therefore disposed of, Telpro, Inc.'s claim for trial-court attorney's fees. We therefore conclude that the judgment is final and appealable.

We overrule Grace's second issue.

### Legal Sufficiency Challenge to Summary Judgment for Telpro, Inc.

Grace's first issue presents the broad contention that the trial court erred by

rendering summary judgment, and three supporting issues that challenge the legal and factual bases proposed by Telpro, Inc. for rendition of final judgment.[5]

## A. Standard of Review

■ We review a traditional summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex.2004). As movant for traditional summary judgment on its own claims, Telpro, Inc. had to prove that there was no genuine issue of material fact and that Telpro, Inc. was entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Rizkallah v. Conner*, 952 S.W.2d 580, 582 (Tex.App.-Houston [1st Dist.] 1997, no pet.). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in his favor. *Rizkallah*, 952 S.W.2d at 582 (citing *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997)). We consider all grounds on which the trial court ruled that are preserved for review and that are necessary for disposition of the appeal; we may consider other preserved grounds in the interest of judicial economy. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996).

## B. Consequences of Lack of Response by Grace

■ Because the party moving for traditional summary judgment carries the

burden to establish that no material fact issue exists and that it is entitled to judgment as a matter of law, "the nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense." *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *see also Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999) ("The trial court may not grant summary judgment by default" for failure to file a response to a motion for summary judgment "when the movant's summary judgment proof is legally insufficient."); *Rizkallah*, 952 S.W.2d at 582–83 (holding that lack of response by nonmovant "does not supply by default the summary judgment proof necessary to establish the movant's right to summary judgment" and that nonmovant "is limited on appeal to arguing the legal sufficiency of the grounds presented by movant") (citing *McConnell v. Southside Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993)). Because a motion for summary judgment must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law, even if the nonmovant filed no response to the motion. *See Willrich*, 28 S.W.3d at 23; *Rizkallah*, 952 S.W.2d at 582–83.

## C. Failure of Consideration as Condition Precedent to Issuance of Stock

■ Telpro, Inc.'s pleadings allege that Grace lacked shareholder status in Telpro,

---

**5.** In support of its first issue, Grace also contends that the other three individuals who formed the global company were necessary plaintiffs, in addition to Telpro, Inc. Grace's contention presents a challenge to Telpro, Inc.'s capacity to sue and, therefore, a defect of the parties, which Grace was required to assert in a sworn pleading. *See* TEX.R. CIV. P. 93(4); *Allison v. Nat'l Union Fire Ins. Co.,* 703

S.W.2d 637, 638 (Tex.1986). Having filed only a general denial, Grace waived the defect. *See Werner v. Colwell*, 909 S.W.2d 866, 870 (Tex.1995); *see also Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (holding that verified plea not required to raise issue of standing, but is necessary to raise issue of capacity).

Inc. because he did not satisfy the conditions precedent to acquiring a shareholder interest, in both Telpro, Inc. and "other Telpro entities" and, in addition, "had agreed to return his shares if Telpro Sarl ceased to trade."[6] In moving for summary judgment, however, Telpro, Inc. argued only (1) that Grace was not a shareholder of Telpro, Inc. because he did not perform the "services promised in consideration of the issuance of stock in Telpro, Inc." and, therefore, (2) that Grace "failed to satisfy conditions precedent to acquiring shareholder status." In rendering summary judgment in favor of Telpro, Inc., the trial court specified that "no material fact issue exists regarding the facts that [Grace] failed to satisfy conditions necessary to be a shareholder" of Telpro, Inc. In addition, the trial court declared "null, void, and unenforceable" any prior transfer of Telpro, Inc. stock to Grace.

Given these grounds, as stated in the summary judgment, along with the allegations in Telpro, Inc.'s pleadings, which focus on Grace's alleged failure to perform conditions precedent, as well as the grounds stated in Telpro, Inc.'s motion for summary judgment, which provide the factual substantiation that the condition precedent to Grace's acquiring shareholder status was his performing the services promised *as consideration*, the summary judgment record establishes that the trial court necessarily concluded, in rendering summary judgment, that Telpro, Inc. established, as a matter of law, that Grace's consideration for the shares of Telpro, Inc. failed.[7]

The trial court's express conclusion notwithstanding, it is nonetheless undisputed that Telpro, Inc. actually issued the stock to Grace on December 7, 2001. Pursuant to the version of article 2.16A of the Business Corporation Act that controls this case, "Shares may not be issued until the full amount of the consideration, fixed or provided by law, *has been paid or delivered as required* in connection with the authorization of the shares." Tex. Bus. Corp. Ann. art. 2.16A (Vernon 2003) (emphasis added).[8] Moreover, when the consideration has thus been paid or delivered, the shares "shall be deemed to have been issued and the subscriber or shareholder entitled to receive such issue *shall be a shareholder* with respect to such shares, and the shares *shall be considered fully paid* and non-assessable." *Id.* (emphasis added).[9] In moving for summary judgment, Telpro, Inc. acknowledged that article 2.16 had been amended, but essentially invoked its former version, by implicitly requiring that Grace *complete* performance of the services he promised as consideration.[10]

---

6. Telpro, Inc.'s pleadings do not specify whether Grace had agreed to return Telpro, Inc. stock or stock of the global company.

7. Failure of consideration is a matter that must be asserted in a verified pleading, *see* Tex.R. Civ. P. 93(9), but Grace waived this defect by not directing it to the attention of the trial court before the summary judgment was signed. Tex.R. Civ. P. 90.

8. *See* Tex. Bus. Corp. Act Ann. art 2.16 (Vernon 2003), Comment of Bar Committee—1996 (noting that amended article 2.16A conforms to repeal of Tex. Const. art. XII, § 6, which previously prohibited issuance of corporate shares except for money paid, labor done or property actually received and now permits corporations to issue shares "for any form of consideration deemed appropriate by the board of directors of the corporation, which consideration may include a promissory note or agreement to provided future services.").

9. These same rules apply under the version of Business Organization Code that became effective on January 1, 2006. *See* Tex. Bus. Org.Code Ann. § 21.157 (Vernon 2006).

10. We note that this case does not involve breach of any alleged shareholder agreement,

Yet, Telpro, Inc. acknowledged in its petition, motion for summary judgment, and affidavit of its principal, Johannessen, that it actually issued its shares to Grace. By operation of article 2.16A—and contrary to the conclusions of the trial court in rendering summary judgment on the grounds asserted by Telpro, Inc.—the record of this case presents material issues of fact concerning (1) Grace's having paid or delivered consideration for the stock, (2) Grace's status as a shareholder, and (3) whether Grace's shares are fully paid and therefore non-assessable. *See id.* The application of the amended statute also calls into question the declaration that any issuance of stock to Grace was "null, void, and unenforceable." Under article 2.16A, shares may not be issued until the full amount of consideration has been paid. *Id.* Telpro, Inc.'s acknowledgment that it issued its shares to Grace, is evidence that it received consideration for the stock.

On reviewing the legal basis asserted in its motion for summary judgment, we conclude that Telpro, Inc. failed to establish its right to summary judgment as a matter of law on the grounds asserted in its motion, specifically, that Grace was not a shareholder of Telpro, Inc. because he did not perform the services promised in consideration for issuance of the stock of Telpro, Inc. and, therefore, that Grace failed to satisfy conditions precedent to acquiring shareholder status.

We sustain Grace's first issue.

Because Telpro, Inc. did not meet its burden as movant for summary judgment, we need not address the remaining portion of its second issue, which challenged the trial court's granting Telpro, Inc. conditional attorney's fees for appeal without allowing attorney's fees for work in the trial court.

and no shareholder other than Grace was

## Conclusion

We reverse the judgment of the trial court and remand the cause.