**Opinion issued July 25, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00585-CV

————————————

**PRAVIN PRASAD, Appellant**

**V.**

**CAPITAL FARM CREDIT, FLCA, Appellee**

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2011-39660

## MEMORANDUM OPINION

Capital Farm Credit, FLCA sued Pravin Prasad to recover amounts owed under a guaranty agreement and filed a motion for summary judgment, which the trial court granted. In a single issue on appeal, Prasad contends that the trial court

abused its discretion in denying his second amended motion for new trial and leave to file a late response to Capital Farm Credit's summary judgment motion. We affirm the trial court judgment.

## Background

Capital Farm Credit sued Prasad alleging that he entered into an "Agreement of Guaranty" by which he guaranteed a portion of a promissory note executed by Dalhart Dairy Investors, LLC. Capital Farm Credit further alleged that the note had been accelerated and was due and payable, and that Prasad had defaulted in paying amounts owed under the guaranty agreement to Capital Farm Credit. It sought the amount due under the guaranty agreement, plus interest at the rate set out in the note, and attorney's fees. Prasad, acting pro se, answered, denying the allegations in Capital Farm Credit's petition and asserting numerous defenses.

In February 2012, Capital Farm Credit moved for a traditional summary judgment on its claims against Prasad. In support of its motion, Capital Farm Credit attached the affidavit of its Vice-President of Special Assets in which she stated that Prasad had defaulted under the terms of the guaranty agreement and, as of March 16, 2011, owed $64,573.38, plus interest at the rate of $5.84 per day. She attached to her affidavit a copy of the promissory note and a copy of the guaranty executed by Prasad. Capital Farm Credit also supported its motion with its counsel's affidavit regarding attorney's fees. Capital Farm Credit set its motion for

2

submission without an oral hearing, and served Prasad with notice of that setting. Prasad did not respond to the motion.

On April 11, 2012, the trial court signed a final judgment, granting Capital Farm Credit summary judgment. The trial court awarded Capital Farm Credit $64,573.38, plus interest from March 16, 2011, at the contract rate of $5.84 per day, and $4,000 for attorney's fees against Prasad.

On May 10, Prasad filed his "Amended Motion for New Trial," asking the trial court to set aside the judgment and grant a new trial in the interest of justice because he was not liable to Capital Farm Credit under the guaranty agreement. He asserted that he did not sign the agreement and attached his affidavit in support of his motion. Capital Farm Credit responded to Prasad's motion.

Prasad then filed his "Second Amended Motion for New Trial and/or Motion for Leave to Late File a Response and Affidavit to a Motion for Summary Judgment." In this motion, Prasad asserted that his failure to respond to Capital Farm Credit's motion for summary judgment was not intentional or the result of conscious indifference but resulted from accident or mistake. He further asserted that he had a meritorious defense, and that granting the motion would not cause undue delay or otherwise injure Capital Farm Credit. He asked the court to set aside the summary judgment, to grant a new trial or allow him to file a late

response to the summary judgment motion, and to consider his affidavit, attached in support of his motion, as "late summary judgment evidence."

The trial court signed its order denying Prasad's Amended Motion for New Trial on June 6. This appeal followed.

## Denial of Prasad's Second Amended Motion for New Trial

On appeal, Prasad challenges the denial of his "Second Amended Motion for New Trial and/or Motion for Leave to Late File a Response." We understand Prasad to contend that the trial court erred in denying a new trial on the grounds asserted in that second amended motion—that he was entitled to a new trial under the standard set out in *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex. 1939). On appeal he asserts that the *Craddock* standard applies to a request to set aside a summary judgment when no response has been filed and "the non-movant does not realize his lack of a response will preclude arguing the summary judgment should be denied in time to seek a continuance or leave to file his Response before the summary judgment hearing."[1] We do not understand Prasad to complain of the

---

[1]     *Craddock* "does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the nonmovant failed to timely respond when the movant had an opportunity to seek a continuance or obtain permission to file a late response." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002); *see Wheeler v. Green*, 157 S.W.3d 439, 442 ("[T]he equitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other avenues of relief available."). In his second amended motion for new trial, Prasad asserted that he was *pro se* and "did not understand what to do or how to do it." In his supporting affidavit, he states that when served with the summary judgment

4

trial court's denial of his Amended Motion for New Trial or a failure to allow him leave to file a late summary judgment response.

We conclude that Prasad's complaint regarding the denial of his second amended motion for new trial does not present an issue for our review. Prasad filed a motion for new trial, titled "Amended Motion for New Trial" on May 10, within thirty days of the trial court's April 11 judgment. *See* TEX. R. CIV. P. 329b(a) (providing that motion for new trial shall be filed within thirty days after judgment). After Capital Farm Credit responded to his motion, Prasad filed his "Second Amended Motion for New Trial and/or Motion for Leave to Late File a Response and Affidavit to Motion for Summary Judgment." This amended motion for new trial, however, was filed on May 21, more than thirty days after the judgment.[2]

Under rule 329b(b), an amended motion for new trial may be filed without leave of court before any preceding motion for new trial is overruled and "within thirty days after the judgment or other order complained of is signed." TEX. R. CIV.

---

motion he did not know what to do and "attempted to prepare and file a response" but "never got it filed with the court or served on Plaintiff's attorney."

[2]   Prasad's brief states that he filed his second amended motion on May 12, 2012. The Clerk's Record shows that the motion was filed on May 21, 2012. An amended motion for new trial filed on May 12 would have been filed more than thirty days after the trial court signed the summary judgment and would have been untimely.

P. 329b(b). An amended motion for new trial filed more than thirty days after the trial court signed its judgment is untimely. *Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007) (citing *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003)).

In its discretion, a trial court may consider the grounds raised in an untimely motion and grant a new trial under its inherent authority. *Moritz*, 121 S.W.3d at 720. The only purpose of an untimely motion for new trial is to guide the trial court in the exercise of its inherent authority; the motion "is a nullity for purposes of preserving issues for appellate review." *Id.* (citing *Kalteyer v. Sneed*, 837 S.W.2d 848, 851 (Tex. App.—Austin 1992, no writ)). An untimely amended motion for new trial "does not preserve issues for appellate review, even if the trial court considers and denies the untimely motion within its plenary power period." *Moritz*, 121 S.W.3d at 721.

Even if the trial court considered the grounds that Prasad set out in the second amended motion for a new trial, we may not consider Prasad's contention that the trial court abused its discretion in denying a new trial based on those grounds. *See Moritz*, 121 S.W.3d at 721 (concluding that court of appeals erred in considering appellant's contention that trial court abused its discretion in denying untimely amended motion for new trial); *see also Henderson v. Henderson*, No. 03-10-00531-CV, 2011 WL 2768549, at *4 (Tex. App.—Austin July 13, 2011, pet. struck) (mem. op.) (citing *Kalteyer*, 837 S.W.2d at 851) (concluding that trial court

6

did not have to consider contents of untimely amended and supplemental motions for new trial); *Noshari v. Sw. Serv. Ctr., Ltd.*, No. 14-02-00878-CV, 2004 WL 210370, at \*2 (Tex. App.—Houston [14th Dist.] Feb. 5, 2004, no pet.) (mem. op.) (citing *Moritz*, 121 S.W.3d at 720–21) ("If a motion for new trial is filed more than thirty days after the trial court signs a final judgment, however, it is untimely and cannot form the basis of an appellate complaint."). Prasad's complaint regarding the denial of a new trial based on the grounds asserted in his second amended motion for new trial presents nothing for appellate review because the motion was untimely.

## Grant of Summary Judgment

Within his single issue on appeal, Prasad sets out a standard of review for grant of a traditional summary judgment and states that the standard applies even if he filed no response to Capital Farm Credit's summary judgment motion because "there is no such thing as a 'default summary judgment'" and Capital Farm Credit "must prove itself entitled to the judgment it received as a matter of law." Prasad is correct. *See Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (citing *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999)). Because the movant for traditional summary judgment must establish that no material fact issue exists and that it is entitled to judgment as a matter of law, the nonmovant has no burden to respond to the motion unless the movant conclusively establishes its

7

cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000); *Grace v. Titanium Electrode Prods., Inc.*, 227 S.W.3d 293, 297 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Because a summary judgment motion must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law. *Grace*, 227 S.W.3d at 297 (citing *Willrich*, 28 S.W.3d at 23 and *Rizkallah v. Conner,* 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no pet.)).

Prasad does not identify any deficiencies in Capital Farm Credit's summary judgment motion or proof. Prasad's brief provides no substantive discussion of the issue he raises or citation to any summary judgment proof to support a contention that Capital Farm Credit did not establish its right to summary judgment as a matter of law. Accordingly, we conclude that Prasad has waived any challenge to the trial court's grant of summary judgment for Capital Farm Credit. *See* TEX. R. APP. P. 38.1(i); *Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 189 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

We overrule Prasad's issue on appeal.

## Conclusion

Having overruled Prasad's issue on appeal, we affirm the trial court judgment.

Harvey Brown
Justice

Panel consists of Justices Jennings, Brown, and Huddle.