

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00192-CV

**BILLY NEWMAN, RHONDA C. NEWMAN**
**AND JASMINE MARIE BILLINGS,**

Appellants

**v.**

**THANGAVEL P. SIVAM, MAHESWARI SIVAM**
**AND SENTHIL SIVAN,**

Appellees

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2018-1898-5**

## MEMORANDUM OPINION

In two issues, appellants, Billy Newman, Rhonda C. Newman, and Jasmine Marie

Billings (collectively "the Newmans"), complain that the trial court erred by: (1) granting

summary judgment in favor of appellee, Thangavel P. Sivam; and (2) dismissing the

Newmans' claims. Because we overrule both of the Newmans' issues, we affirm the judgment of the trial court.[1]

## I.  BACKGROUND

This dispute centers on a lease agreement for a commercial building that was intended to be used as a daycare facility for children, including physically-disabled children. According to their original petition, the Newmans leased a commercial building located in Hewitt, Texas, from Thangavel. Apparently, the daycare facility was never opened because the Newmans claimed that the building was not suitable and that Thangavel would not make necessary repairs for occupation. As such, the Newmans sued Thangavel for fraud and conspiracy to commit fraud.

Thangavel filed an original answer denying all of the allegations contained in the Newmans' original petition and asserting an affirmative defense and a counterclaim against the Newmans for $23,000 in past-due and future rent. The Newmans filed an answer generally denying the allegations contained in Thangavel's counterclaim and subsequently amended their original petition to add Maheswari Sivam and Senthil Sivam

---

[1] In his motion for summary judgment, Thangavel contended that Jasmine Marie Billings was not a party to the underlying lease agreement and, thus, is not a proper party in this matter. However, there is nothing in the record severing Jasmine from this matter. The trial court awarded judgment in favor of Thangavel and against Billy Newman, Rhonda C. Newman, and Jasmine as to the Newmans' claims. Furthermore, Billy, Rhonda, and Jasmine are jointly represented by counsel who filed a notice of appeal specifically noting that Billy, Rhonda, and Jasmine appeal from the trial court's judgment. Therefore, we have no choice but to keep Jasmine in this suit, despite the fact that she does not appear to be a signatory of the underlying lease.

as parties and to request a jury trial.[2] Thangavel, Maheswari, and Senthil jointly filed a first amended answer and counterclaim for past-due and future rent.

Thereafter, the Newmans answered the Sivams' joint counterclaim and filed a traditional motion for summary judgment as to the Sivams' counterclaim for past-due and future rent. In their traditional motion for summary judgment, the Newmans argued that the Sivams' counterclaim for past-due and future rent should be dismissed under the theory of res judicata because the claim has been adjudicated in a related eviction action.

Thangavel responded by filing a traditional motion for summary judgment on his own behalf, asserting that he is entitled to past-due and future rent and reasonable and necessary attorney's fees as a matter of law and that the Newmans should recover nothing by their fraud and conspiracy-to-commit-fraud claims. Thangavel, Maheswari, and Senthil then filed a joint response to the Newmans' traditional motion for summary judgment pertaining to the Sivams' counterclaim for past-due and future rent. The Newmans did not respond to Thangavel's motion for summary judgment. However, Billy Newman executed and filed a pro se affidavit addressing the Sivams' counterclaim for past-due and future rent.

The trial court granted summary judgment in favor of the Newmans as to the counterclaim for past-due and future rent based on the theory of res judicata. However,

---

[2] Thangavel Sivam will hereinafter be referred to as "Thangavel"; Maheswari Sivam will hereinafter be referred to as "Maheswari"; and Senthil Sivam will hereinafter be referred to as "Senthil."

in its order, the trial court only referenced Thangavel and ordered that Thangavel take nothing by his counterclaim. The trial court also granted summary judgment in favor of Thangavel as to the Newmans' fraud and conspiracy-to-commit-fraud claims and ordered the dismissal of the Newmans' claims. The Newmans filed a motion for new trial, which was denied by the trial court. This appeal followed.

## II. JURISDICTION

In their notice of appeal, the Newmans listed Thangavel, Maheswari, and Senthil as appellees. As mentioned above, Maheswari and Senthil were named as parties to this suit in the Newmans' first amended petition. In response, Thangavel, Maheswari, and Senthil jointly filed a first amended answer and counterclaim for past-due and future rent. The Newmans answered and filed a traditional motion for summary judgment as to the Sivams' joint counterclaim. Thangavel later filed a traditional motion for summary judgment on his own behalf addressing the Sivams' counterclaim, as well as the Newmans' claims. Thangavel, Maheswari, and Senthil then filed a joint response to appellants' traditional motion for summary judgment. The trial court granted the Newmans' traditional motion for summary judgment as to the Sivams' counterclaim. However, in this order, the trial court only referenced Thangavel. Next, the trial court granted summary judgment in favor of Thangavel himself with regard to appellants' claims for fraud and conspiracy-to-commit-fraud claims. The trial court's orders do not

appear to resolve any claims as to Maheswari and Senthil. In its order granting summary judgment in favor of Thangavel, the trial court noted the following:

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Defendant [Thangavel] have, and hereby is granted a Summary Judgment dismissing Plaintiffs' [the Newmans'] claims against the Defendant. *As the Court has previously entered its Order dismissing Defendant's Counter Claim, there are no further pending issues in the case.*

(Emphasis added).

The Texas Supreme Court has stated that an order is final for purposes of appeal if it "actually disposes of every pending claim and party" or if "it clearly and unequivocally states that it finally disposes of all claims and parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). "[T]here must be some other clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* The emphasized statement in the trial court's order granting summary judgment in favor of Thangavel, though erroneous, is a clear indication that the trial court intended for the order to completely dispose of all parties and claims in this case. *See id.* Accordingly, we conclude that the judgment is final—erroneous, but final—for appellate purposes, and this Court has jurisdiction to decide the issues presented on appeal. *See id.* at 200, 205.

### III.   SUMMARY JUDGMENT

In two issues, argued together in the brief, the Newmans argue that the trial court erred by: (1) granting summary judgment in favor of Thangavel as to the fraud and conspiracy-to-commit-fraud claims, which Thangavel characterizes as the premises

claims; and (2) dismissing the premises claims without adequate support in the record. We likewise will address the arguments together.

## A.     Applicable Law

We review a grant of a motion for summary judgment de novo. *KCM Fin., LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Williams v. Parker*, 472 S.W.3d 467, 469 (Tex. App.—Waco 2015, no pet.). In a traditional motion for summary judgment, as was filed by appellees, a movant must state the specific grounds; and a defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *see also KCM Fin., LLC*, 457 S.W.3d at 79. We cannot "read between the lines," infer, or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *see Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998) ("Defendants' motions for summary judgment argued only that plaintiffs failed to state a cognizable claim, the trial court's judgment can be upheld, if at all, only on that ground."). Once a defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). We take as true all evidence favorable to the nonmovants, and indulge

every reasonable inference in their favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

**B.    Discussion**

As mentioned above, the Newmans sued Thangavel for fraud and conspiracy to commit fraud on the basis that Thangavel represented that the premises was in a functional condition for use as a daycare facility when Thangavel purportedly knew that such a representation was false.

The elements of a fraud claim are:  (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citing *Formosa Plastics Corp. v. Presidio Engr'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

> An actionable civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.  The essential elements of a civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result.

*In re Lipsky*, 411 S.W.3d 530, 549 (Tex. App.—Fort Worth 2013, orig. proceeding) (internal citations & quotations omitted).  A defendant's liability for conspiracy depends on

participating in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Id.* (internal citations omitted).

In the instant case, the Newmans' conspiracy claims are premised on a finding of fraud; therefore, the crux of this dispute is the fraud claim. *See id.* Thangavel filed a traditional motion for summary judgment as to the Newmans' claims for fraud and conspiracy to commit fraud. Specifically, Thangavel asserted that the summary-judgment evidence negated a finding that a false, material misrepresentation was made. Among the evidence attached to Thangavel's motion for summary judgment was the underlying lease, which provided that: "Tenant [appellants] acknowledges that it inspected the Premises, including the grounds and all buildings and improvements, and that they are, at the time of the execution of this Lease, in good order, good repair, safe, clean and tenantable condition." The lease papers show that the Newmans signed their initials at the bottom of the page where this language was found. Additionally, the Newmans agreed to the lease terms in their totality by signing on the signature page of the lease agreement. Furthermore, Thangavel attached a Certificate of Occupancy from the City of Hewitt, which confirmed that the premises passed inspection. All of this evidence undermines any argument made by the Newmans that the premises were not in a suitable condition for occupation.

The Newmans did not respond to Thangavel's motion for summary judgment as to the fraud and conspiracy-to-commit-fraud claims. "[A] party who fails to expressly

present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment." *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008). However, because a motion for summary judgment must stand on its own merit, even without filing a response, the Newmans may still argue on appeal that Thangavel's summary-judgment proof was insufficient as a matter of law. *See Grace v. Titanium Electrode Prods., Inc.*, 227 S.W.3d 293, 297 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating that a nonmovant may complain about the insufficiency of the movant's summary-judgment evidence on appeal even if the nonmovant did not file a response to the motion); *Rizkallah v. Conner*, 952 S.W.2d 580, 582-83 (Tex. App.—Houston [1st Dist.] 1997, no writ) (same).

Based on our review of the summary-judgment evidence, and based on the fact that the Newmans did not file a response to Thangavel's motion for summary judgment raising an issue of material fact, we cannot say that the trial court erred in concluding that Thangavel established as a matter of law that he did not make a false, material misrepresentation regarding the condition of the premises that the Newmans reasonably relied upon to their detriment. As such, we conclude that the trial court did not err in granting summary judgment in favor of Thangavel as to the Newmans's fraud and conspiracy-to-commit-fraud claims otherwise known as the premises claims. We overrule the Newmans' first and second issues.

## IV. CONCLUSION

Having overruled both of the Newmans' issues, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed January 8, 2020
[CV06]

*(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not be handed down.)

