**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-20-00212-CV**

**DAVID BARNES, Appellant**

**V.**

**JUSTIN M. WALSH, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-02-02578-CV**

**MEMORANDUM OPINION**

A person who *aids or assists* the taking*, retaining*, or concealing of a child in violation of another's possessory rights to the child may be jointly and severally liable in damages to the injured person (emphasis added). Tex. Fam. Code §§ 42.002(b), 42.003. Barnes, the father of two minor boys, appeals from a take nothing summary judgment granted in favor of Walsh, a person Barnes accuses of aiding or assisting Barnes's former wife in taking, retaining or concealing his children from

1

Barnes, in violation of Barnes's possessory rights to the children. Barnes also appeals the trial court's award to Walsh of his attorney's fees. Barnes, acting pro se, argues that he submitted sufficient evidence to defeat the summary judgment on his claim that Walsh may be civilly liable for damages under § 42.002(b) and 42.003 of the Texas Family Code, because Walsh aided and assisted Barnes's former wife in interfering with Barnes's possessory rights to his children by helping her to move with the children to Russia and in selling her assets that she left behind to allow her to retain possession of the children in Russia, contrary to a valid court order of a Montgomery County family law court. Barnes further argues the trial court erred in awarding Walsh attorney's fees against Barnes pursuant to § 42.009 of the Texas Family Code. We affirm in part, and reverse and remand part of the case for further proceedings.

**Background**

**A. The History of the Case**

Barnes and his former wife, Svetlana Barnes, are the parents of two minor children, Danny and Chip.[1] Barnes and Svetlana were divorced in 2015, and as part of the divorce decree, the 418th District Court of Montgomery County, Texas,

---

[1] We use pseudonyms or initials in place of the names of the individuals who were minors at the time that the underlying suit was filed, to protect the minors' identities. Tex. R. App. P. 9.9(a)(3).

2

entered a standard possession order. In April of 2018, Svetlana filed a petition to modify the parent-child relationship, alleging that Barnes had sexually abused one of their children. In March of 2019, after a trial on Svetlana's allegations of sexual abuse against Barnes, a jury found Svetlana's allegations against Barnes were unfounded and, on March 26, 2019, the trial court entered an order denying Svetlana's petition to modify and reinstating Barnes's possessory rights. Walsh admitted that he attended the trial.

On the evening of March 26, 2019, after Svetlana's allegations against Barnes were rebuffed by the family law court, Walsh, Svetlana's friend and former romantic partner, accompanied Svetlana, her mother, and the children to the airport. Walsh contends Svetlana told Walsh that she was taking the children on a vacation and needed him to drive Svetlana's mother home after Svetlana and the children were dropped off at the airport. Svetlana then boarded an international flight with the children, and the three of them have lived in Russia, the country of Svetlana's birth, ever since. Walsh admits that, on March 29, 2019, he learned of Svetlana's intention to remain in Russia with the children. In spite of this knowledge, Walsh continued to communicate with and assist Svetlana in selling her home and vehicles in Texas and he deposited the sales proceeds from such assets in her local bank account.

Barnes, acting pro se, subsequently filed three separate lawsuits to recover damages against Svetlana, Walsh, and C.L. Crawley, Svetlana's former attorney,

3

alleging various grounds for recovery, including violations of Chapter 42 of the Texas Family Code seeking civil liability for interference with his possessory interest in his children. Barnes obtained a default judgment in his suit against Svetlana, and the trial court awarded him a substantial amount in damages against her. In Barnes's suit against C.L. Crawley, after a trial, the trial court entered a take nothing judgment as to Barnes's claims against Crawley. On appeal in that case, we affirmed in part and reversed and rendered in part. We affirmed that part of the trial court's judgment that rendered a take nothing judgment on Barnes's claims against Crawley, and we concluded that the intentional infliction of emotional distress claim was barred by attorney immunity. However, we reversed that part of the trial court's judgment ordering Barnes to pay sanctions in the amount of Crawley's attorney's fees and we rendered judgment that Crawley take nothing on his motion for sanctions. *Barnes v. Crawley*, No. 09-20-00224-CV, 2022 Tex. App. LEXIS 3859 (Tex. App.—Beaumont June 9, 2022, no pet.)(mem. op.).

Barnes also filed a separate suit individually, and on behalf of his two minor sons, against Walsh. In his suit against Walsh, Barnes alleged that Walsh aided and assisted Svetlana in taking the children to Russia and keeping the children in Russia to prevent Barnes from exercising his extended possession rights granted by the child custody order of the 418th District Court. Barnes alleged that Walsh intentionally

4

caused severe emotional distress to Barnes and the children and that Walsh interfered with the possession of his children under the trial court's order.

Walsh filed a no-evidence and traditional motion for summary judgment as to all of Barnes's claims against Walsh. In his no-evidence motion for summary judgment, Walsh argued that he had no knowledge of Svetlana's plan to take the children out of the United States permanently and that Barnes could produce no evidence in support of any of the causes of action Barnes brought against Walsh. Walsh also argued that there was no evidence to support Barnes's claims on behalf of the children. Barnes responded to the motion for summary judgment and argued that there was sufficient evidence to defeat the summary judgment motion because he had shown Walsh aided or assisted Svetlana in taking, retaining, or concealing Barnes's children in violation of Barnes's possessory rights, and he attached a copy of Walsh's deposition to his response. The trial court granted Walsh's motion for summary judgment, and ordered that Barnes take nothing from Walsh, and it also awarded Walsh attorney's fees pursuant to § 42.009 of the Texas Family Code. Barnes filed a pro se appeal of the take nothing judgment and attorney's fee award to this court.

## B. Barnes's Summary Judgment Evidence

Barnes submitted the sworn deposition testimony of Walsh in opposition to the summary judgment and in his response to the motion for summary judgment

5

Barnes cited the portions of the deposition that he contends creates an issue of material fact sufficient to defeat Walsh's motion for summary judgment. Walsh testified in his deposition that he met Svetlana in approximately April of 2015. The two of them enjoyed a romantic relationship for a time, but after their dating relationship ended in 2017, they remained friends. Walsh indicated that although he was generally aware that Barnes had some possessory right to the children, he was not privy to the details of the court-ordered arrangement. Barnes submitted summary judgment evidence that Walsh was present for the March 26, 2019, custody hearing that restored the custody arrangement "to normal"; Walsh admitted in his deposition that Svetlana took the children to the airport that same evening, because he accompanied them, ostensibly because Svetlana's mother needed a ride back to her home after joining them on the trip to the airport. Walsh denied knowing on March 26, 2019, that Svetlana was in the process of taking the children to Russia to live permanently, and further denied having entertained any intent to preclude Barnes's access to his children. Instead, Walsh indicated that it was initially his understanding that Svetlana was taking the children "on vacation[,]" and it was not until March 29, 2019, when he read Svetlana's social media post, that Walsh realized Svetlana's intent not to return to the United States. After Walsh learned of Svetlana's plan to remain in Russia with the children, Svetlana and Walsh communicated through "a couple of hundred" emails between March 26, 2019, and February 2020, and Walsh

6

assisted her in the sale of two cars she owned in Texas and helped her get her home in Texas sold or rented. Walsh assisted Svetlana to transfer title to her cars into Walsh's name or give Walsh power of attorney on her behalf to sell the vehicles. Walsh then sold the cars and deposited the sales proceeds into Svetlana's local bank account well after Svetlana had posted notice of her intent to keep the children in Russia on March 29th.

### Standard of Review

We review summary judgment orders de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, the trial court's order does not specify the basis of its decision, we must affirm the judgment if any of the movant's theories are meritorious. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). When both no-evidence and traditional grounds for summary judgment are asserted, we first review the trial court's order under the no-evidence standard. *PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

To prevail on a no-evidence summary judgment, the movant must allege that no evidence exists to support one or more essential elements of a claim for which the non-movant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Kane v. Cameron Int'l Corp.*, 331 S.W.3d 145, 147 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A no-evidence motion may not be conclusory but must instead give fair

7

notice to the non-movant as to the specific element of the non-movant's claim that is being challenged. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310-11 (Tex. 2009). To defeat a no-evidence motion, the non-movant must then present evidence raising a genuine issue of material fact on the challenged elements. *Kane*, 331 S.W.3d at 147. A fact issue exists where there is more than a scintilla of probative evidence. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam). More than a scintilla of evidence exists if the evidence rises to a level that would allow reasonable and fair-minded people to differ in their conclusions as to the existence of a vital fact. *See Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004)). If more than one reasonable inference may be drawn, a question of fact is ordinarily presented for the fact finder to decide. *Benoit v. Wilson*, 239 S.W.2d 792, 796-97 (Tex. 1951).

To prevail on a traditional motion for summary judgment, a movant must establish that no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is appropriate if the movant conclusively negates at least one essential element of the plaintiff's claim. *Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

8

"The movant must establish that no material fact issue exists and that it is entitled to judgment as a matter of law." *Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 55 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam)). "In reviewing the summary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in [her] favor." *Grace v. Titanium Electrode Prods., Inc.*, 227 S.W.3d 293, 297 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "We consider all grounds on which the trial court ruled that are preserved for review and that are necessary for disposition of the appeal ...." *Id.* (quoting *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996)). "Because a motion for summary judgment must stand on its own merits, the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law, even if the nonmovant filed no response to the motion." *Id. See also Hall v. Green Ridge Townhouse Homeowners Ass'n, Inc.*, 635 S.W.3d 697, 700-01 (Tex. App.—Texarkana 2021, pet. denied).

When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Star-Telegram, Inc.*, 915 S.W.2d at 473. The appellate court must affirm the summary judgment if any one of the movant's theories has merit. *Id.* We will now

9

consider whether any of the grounds asserted by Walsh support the summary judgment.

<strong>Analysis</strong>

**A. No-Evidence Motion for Summary Judgment**

Walsh's no-evidence motion for summary judgment alleged that there was no evidence as to necessary elements of Barnes's claims for the following:

1. False imprisonment,

2. Intentional infliction of emotional distress, and

3. Interference with a possessory right.

Elsewhere in Walsh's motion, Walsh alleged that a no-evidence summary judgment was also appropriate as to his contention that the one satisfaction rule applied to this matter, because "there remains no evidence to support a separate and distinct injury for BARNES' damages[.]"

**1. False Imprisonment**

Walsh's motion contends that Barnes presented no evidence of false imprisonment. Barnes's Second Amended Original Petition was the live pleading at the time the Final Summary Judgment was signed by the trial court, and therein, Barnes omits any claim for false imprisonment. Barnes abandoned this cause of action before the trial court rendered its judgment. And, that claim was no longer at issue when the trial court granted the summary judgment. Tex. R. Civ. P. 65.

10

Because that claim was abandoned by Barnes in the trial court, we need not determine whether it was properly adjudicated by the trial court.

## 2. Intentional Infliction of Emotional Distress

To prevail on his claim for intentional infliction of emotional distress, Barnes must prove that Walsh acted intentionally or recklessly; that Walsh's conduct was extreme and outrageous; that Walsh's actions caused Barnes emotional distress; and that Barnes's emotional distress was severe. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006).

However, intentional infliction of emotional distress has been called a "gap-filler" tort accepted in those "rare instances" where the victim has "no other recognized theory of redress." *See Hoffman-La Roche v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citing *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). *See also Finley v. May*, No. 07-17-00233-CV, 2017 Tex. App. LEXIS 11036 (Tex. App. Amarillo Nov. 28, 2017), reh'g denied, No. 07-17-00233-CV, 2017 Tex. App. LEXIS 12103 (Tex. App. Amarillo Dec. 28, 2017) where the Seventh Court of Appeals explained that the gravamen of a father's complaint against a mother for alienation of his children implicated the same course of conduct sought to be redressed via Tex. Fam. Code Ann. § 42.002, that being one's interference with a parent's possessory rights; therefore, a claim for intentional

11

infliction of emotional distress was not available. *Finley,* 2017 Tex. App. LEXIS 11036, at *7-8.

The gravamen of Barnes's complaint is that Walsh aided or assisted Svetlana in violating his rights to possession of the children. Therefore, his claims for intentional infliction of emotional distress cannot stand on their own and summary judgment was proper and is affirmed.

As to the Barnes children, Barnes presented no evidence of severe emotional distress experienced by the children in response to the motion for summary judgment. Therefore, as to the claims for intentional infliction of emotional distress, brought on behalf of the Barnes children, the summary judgment is affirmed.

### 3. Interference with a Possessory Right

Chapter 42 of the Texas Family Code imposes civil liability for interfering with a possessory right, or for aiding or assisting such interference. Tex. Fam. Code Ann. §§ 42.002, 42.003. In this case, Barnes has not alleged that Walsh, himself, interfered with Barnes's possessory right to the children, but that Walsh assisted Svetlana in her interference. Therefore, the relevant inquiry is whether either subsection of § 42.003(b) of the Texas Family Code applies under the facts of this case. Tex. Fam. Code Ann. § 42.003(b).

If Walsh had reasonable cause to believe that 1) the Barnes children were the subject of an order and that 2) his actions were likely to violate the order, he may be

12

held liable under § 42.003(a) and (b)(2) of the Family Code. Barnes provided more than a scintilla of evidence that established a genuine issue of material fact on the initial prong of § 42.003(b)(2) by showing that Walsh was generally aware of the possession order regarding the children. There is, however, no direct evidence that Walsh had reasonable cause to believe that his actions of taking Svetlana and the children to the airport for a vacation would likely violate the order because he testified that he thought Svetlana was only going on vacation. *See Bos v. Smith*, 556 S.W.3d 293, 302 (Tex. 2018). If that were the extent of Walsh's actions, under *Bos,* summary judgment might be proper on this cause of action. *Id*.

However, the summary judgment evidence presented here also shows that after Svetlana had flown the children to Russia, and after Walsh had seen her "Facebook post" that she did not intend to bring the children back, Walsh assisted Svetlana in liquidating some of her assets. Barnes alleged that Walsh knew or reasonably should have known that when Svetlana asked him to assist her in selling her home, her cars, depositing the sale proceeds in her bank account, and disposing of the family pets, he would be aiding or assisting further interference with the possession provisions of the court order because he was assisting Svetlana to remain in the foreign country with the children, thereby depriving Barnes of his possessory rights to his children. The summary judgment evidence showed that after Walsh learned of Svetlana's plan to remain in Russia with the children, Svetlana

communicated with Walsh through "a couple hundred" emails and Walsh assisted Svetlana in selling her cars and in readying her home to be sold or rented, as well as taking one of her pets to a shelter. There remains an issue to be determined by the factfinder as to whether Svetlana required the money or proceeds from the sale of the assets to remain in Russia. There was no direct evidence that Walsh intentionally interfered with Barnes's possession of the children. That said, Barnes contends that he presented more than a scintilla of evidence that created a genuine issue of material fact as to whether Walsh aided or assisted Svetlana in retaining possession of Barnes's children and interfering with Barnes's possessory rights in and to his children. *See generally Lozano v. Lozano*, 52 S.W.3d 141, 143-44 (Tex. 2001) (evidence that defendant aided or assisted in the taking, retaining, or concealing of another's child in violation of another's possessory rights to the child by providing financial assistance after the fact may be sufficient to impose civil liability under chapter 42); *see also Weirich v. Weirich,* 833 S.W.2d 942, 943-45 (Tex. 1992) (in which the plaintiff-mother obtained a temporary restraining order precluding her husband from interfering with her custody, but he abducted their two children three days later and his mother supplied money and materials to assist him). We agree. And we conclude that Barnes met his burden and presented more than a scintilla of evidence to create a genuine issue of material fact on the cause of action he stated for civil liability under chapter 42 of the Texas Family Code, § 42.003(b).

14

Next, we examine the traditional motion for summary judgment. To prevail on a traditional motion for summary judgment, a movant must establish that no genuine issue of material fact exists so that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "In reviewing the summary judgment, we must indulge every reasonable inference in favor of the non-movant and resolve any doubts in [her] favor." *Grace*, 227 S.W.3d at 297. "We consider all grounds on which the trial court ruled that are preserved for review and that are necessary for disposition of the appeal ...." *Id*. (quoting *Cates*, 927 S.W.2d at 626)). Having reviewed the evidence submitted by Walsh, in support of his traditional motion for summary judgment, and the evidence submitted by Barnes in response, we find that there are genuine issues of material fact that preclude the granting of a traditional summary judgment.

To prevail on his motion for summary judgment, Walsh was required to show there was no genuine issue of material fact and he was entitled to summary judgment as a matter of law. In his motion for summary judgment Walsh alleged that there is no genuine issue of a material fact that he violated the Family Code provision at issue because "[t]he summary judgment evidence establishes that WALSH never had possession of the Barnes children, and that he had no knowledge of BARNES'

ex-wife's plan to take them out of the United States[,]" and [t]here is no evidence of interference with a possessory right."

The elements of a claim for interference with possessory rights under 42.003(b) require that Barnes establish Walsh had either "actual notice of the existence and contents of the order[]" or "had reasonable cause to believe that the child[ren] w[ere] the subject of an order and that the person's actions were likely to violate the order." See Tex. Fam. Code § 42.003(b)(1), (2).

In his deposition Walsh admitted he attended the trial, and he was aware there was an existing possession order. Walsh had been present at exchanges of the children between Svetlana and Barnes in the past under the possession order. Barnes contends he created a genuine issue of material fact as to whether Walsh knew when he drove Svetlana to the airport that Svetlana intended to interfere with the possession order by not returning the children for Barnes's period of possession. Additionally, Barnes argues that Walsh's actions in assisting Svetlana to sell her automobiles and her home which occurred after March 29, 2019, when Walsh admits he saw a Facebook post indicating Svetlana did not intend to return the children which sufficiently established a genuine issue of a material fact that Walsh violated section 42.003(b)(2) of the Family Code. We agree that Barnes has created a genuine issue of material fact on this claim. We reverse the summary judgment as to Barnes's claim against Walsh under Chapter 42.003(b)(2).

16

## 4. The One Satisfaction Rule

The relevant Family Code provision provides for joint and several liability for those who aid and assist a parent in violating another's possessory rights. To the extent the trial court could have based its summary judgment on Walsh's one satisfaction argument, we find that the trial court erred because the one satisfaction rule is an affirmative defense that Walsh did not plead and prove. *Matthews v. P.D. Sohn*, No. 13-12-00302-CV, 2013 WL 2949562, *2 n.4 (Tex. App.—Corpus Christi-Edinburg June 13, 2013, no pet.). In order to obtain a summary judgment on the basis of the one satisfaction rule, Walsh was required to plead and prove all elements of the rule. *Id.* *2-3.

For purposes of the one satisfaction rule, it is crucial to distinguish between obtaining a *judgment* and obtaining *satisfaction* of that judgment. *Daryapayma v. Park,* No. 02-15-00159-CV, 2016 WL 6519117, *3 (Tex. App.—Fort Worth Nov. 3, 2016, no pet.) (mem. op.). Nowhere has Walsh established that Barnes has collected any amounts to satisfy his judgment against Svetlana on the judgment against her; in the absence of such proof, the one satisfaction rule does not apply to the case before us, and traditional summary judgment on that basis was improper and must be reversed.

17

## 5. Attorney's Fees

Walsh brought his counterclaim for attorney's fees pursuant to § 42.009 of the Texas Family Code. Because we reverse the trial court's ruling on Barnes's claim under § 42.003 of the Texas Family Code, we also reverse the trial court's award for attorney's fees.

## Conclusion

In conclusion, we find the false imprisonment claim was abandoned in the trial court, and we conclude the trial court correctly granted summary judgment on the intentional infliction of emotional distress claims. We therefore affirm that part of the trial court's judgment that Barnes take nothing on his false imprisonment claim and his claims, individually, and on behalf of the minor children for intentional infliction of emotional distress. That said, because Barnes established a genuine issue of material fact as to whether Walsh is jointly and severally liable under 42.003 of the Family Code for interfering with Barnes's possessory rights to the children, we reverse the trial court's Final Summary Judgment on the claims of interference with possessory rights under the Family Code, and we remand that matter to the trial court. Next, because Walsh failed to meet his burden in his motion for summary judgment to show that the "one satisfaction rule" applies in this case, the judgment is reversed as to that portion of the judgment finding that Barnes's claims have already been satisfied. Finally, because we have found the trial court erred in

18

awarding a summary judgment to Walsh on Barnes's claims brought pursuant to § 42.003 of the Texas Family Code, we also reverse the trial court's Final Summary Judgment award of attorney's fees to Walsh, and we remand Walsh's counterclaim and request for attorney's fees to the trial court.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

_____
JAY WRIGHT
Justice

Submitted on April 8, 2022
Opinion Delivered March 9, 2023

Before Golemon, C.J., Johnson and Wright, JJ.